## Illinois Central Railroad Company v. Fred Collison, Administrator.

1. ORDINANCE—*how proof of, may be made.* The ordinance of a vilage may *prima facie* be established by the certificate of the clerk of the village made under the seal of the corporation.

2. ORDINANCE—*how prima facie proof of, cannot be overcome.* The *prima facie* proof of an ordinance cannot be overcome by the introduction of the recorded copy of such ordinance.

3. ORDINARY CARE—*when instruction limiting inquiry with respect to, error.* Where there was no eye-witness to the accident which resulted in death, it is error to limit the jury upon the question of ordinary care to a consideration of what the deceased was doing at the *instant* of time when he received the injury.

4. ORDINARY CARE—*propriety of instruction with respect to instinct of self-preservation.* Where there was no eye-witness and the accident resulted in death, it is proper to permit the jury to consider upon the question of ordinary care the instincts of men which naturally lead them to avoid injury and preserve their lives.

5. ORDINARY CARE—*when instruction as to erroneous.* It is error in an instruction to recite that certain facts tend to show the exercise of ordinary care.

6. INSTRUCTION—*must not be argumentative.* An instruction should not be argumentative and if argumentative is ground for reversal where prejudice results.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

CLOUD & THOMPSON, for appellant; JOHN G. DRENNAN, of counsel.

F. M. and H. I. GREEN and W. M. ACTON, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Fred Collison, as administrator of the estate of Harry Collison, deceased, brought suit in the Circuit Court of Champaign county against the Illinois Central Railroad Company, charging said company with negligence in the running and management of its trains by means whereof said Harry Collison was struck by a passing train and killed. There was a verdict and judgment in favor of the administrator, and the railroad company appealed.

The negligence alleged against appellant, in substance, was that it ran a passenger train through the village of Thomasboro at an excessive and dangerous rate of speed, *i. e.,* from forty to sixty miles per hour,

at a time when another train of appellant was approaching its depot platform in such village for the purpose of stopping to receive passengers, upon another track only a few feet from the one on which the swift train was running; that there was an ordinance in said village limiting the rate of speed of passenger trains through said village to not more than fifteen miles an hour; that deceased was to become a passenger upon the train that was then about to stop at said platform to receive passengers and, while he was in the exercise of due care, said swift train was so negligently and carelessly run by the servants of said company and at such an excessive and dangerous rate of speed that said Harry Collison was struck by said swift train and killed.

The evidence shows that deceased had transacted business in the village of Thomasboro during the day of December 26, 1905, and was about to take a train for his home in Rantoul at the time he was killed; that very shortly before his death he left the store of an acquaintance and went west upon a walk which led across a side track and two main tracks of appellant to a depot west of all three tracks; that the westerly one of the two main tracks was used by south-bound trains while the other main track was used by north-bound trains; that the distance between the west rail of the north-bound track and the east rail of the south-bound track was only a little over ten feet, and that between those rails there was a platform six feet wide used by passengers in getting upon and off the cars; that deceased intended to take a train going north, which would require him to cross the side track and the easterly main track to reach the platform between the main tracks; that at about the time he reached the tracks or platform, a train was approaching slowly, going north, on the east main track, while another train, which was the cause of the accident, was running south on the west main track at the speed of from forty to sixty miles per hour.

It is not clear whether deceased had reached the depot platform west of all three tracks and was attempting to return to the platform between the two main tracks to take his train going north and was killed while trying to cross the west main track, or whether he, fearing to remain on the narrow platform between the two main tracks, was struck while crossing the west main track to avoid the danger incident to his remaining on the narrow platform between such trains.

The evidence tends strongly to show that there was no eye-witness to the accident and, therefore, the exact manner or way in which Collison lost his life was a matter of deduction to be drawn from all the surrounding circumstances. The jury adopted the view that deceased was in the exercise of due care and was lawfully upon the premises of appellant; that the railroad company was guilty of negligence in running its trains, under the circumstances shown, at an excessive and dangerous rate of speed, and in accordance with such view returned a verdict finding appellant guilty.

We do not care to review the different theories discussed by counsel relating to the manner in which Collison was killed, as the case must be reversed upon other grounds, and as it will be again tried, a review of the evidence upon that subject could be of no avail.

Appellant contends that the court erred in admitting in evidence an ordinance of the village of Thomasboro regulating the speed of trains within the corporate limits. The disputed ordinance, by its terms, limited passenger trains to a speed not exceeding fifteen miles an hour through said village. When offered in evidence the ordinance was certified to by the village clerk as follows:

"State of Illinois,
County of Champaign,   } ss.
Village of Thomasboro.

"I, Charles Condit, Village Clerk of the village of Thomasboro, a municipal corporation in the county of

Champaign and state of Illinois, do hereby certify that I am the keeper of the records and ordinances of the said village, and that the foregoing is a true and complete copy of ordinance No. 11, section 28, of the ordinances of said village of Thomasboro; that the said ordinance was duly passed and adopted by the board of trustees of the said village of Thomasboro at a regular meeting thereof on November 2, 1903; that the same was signed and approved by E. C. Saddoris, then president of the said board of trustees and of said village of Thomasboro; that copies of said ordinance were duly posted in three public places in the said village of Thomasboro on November 5, 1903; all as appears from the records and files of my said office. In witness whereof I have hereunto affixed my signature as village clerk of the village of Thomasboro, Illinois, and have caused to be affixed the seal of the said corporation of the said village of Thomasboro. [L. S.]          CHARLES CONDIT, Village Clerk. Attest:  CHARLES CONDIT, Village Clerk. March 3, 1906.''

Objection was made to the introduction of the ordinance upon the ground that there was no evidence to show that such ordinance had been signed by the president of the village board, or that it had been posted as required by law.  Section 66 of chapter 24 of the Revised Statutes, provides that all ordinances of a city or village, and the date of publication, may be proven by the certificate of the clerk, under the seal of the corporation.  The certificate of the clerk above quoted, under the village seal, covered both features of the objection made and seemed to have been a full compliance with the requirements of said section 66, and to have entitled the copy offered to be admitted as *prima facie* evidence of the passage, signing and posting of the ordinance.

Appellant afterward, upon its part, offered the recorded copy of the ordinance to show that it had not been signed by the president and thus overcome the *prima facie* case made by the certificate of the village

clerk to the effect that the ordinance had been duly signed, but the court properly ruled this offer to be incompetent. The original draft of the ordinance may have been signed by the president of the village board in due form as certified by the clerk and yet the *recorded* copy, through error, not bear a copy of his signature. There was no error on the part of the court in this regard and the ordinance was properly admitted in evidence under the showing made. C. & A. R. R. Co. v. Wilson, 225 Ill. 50.

Appellant next contends that it was error to give for appellee the following instruction:

"The court instructs the jury that the plaintiff is not required to produce direct and positive testimony showing just what deceased was doing at the instant he received the injury that caused his death; that the law requires only the highest proof of which the particular case is susceptible, and the jury may take into consideration, with other facts, the instincts which naturally lead men to avoid injury and preserve their own lives, in determining whether or not deceased, Harry Collison, was using ordinary care for his own safety at the time he was injured."

Two objections are urged against such instruction, viz., that by it plaintiff was not required to show what deceased was doing *at the instant* he received the injury, as bearing upon the question of due care, and by it, also, the jury were instructed that they could take into consideration the instincts which naturally lead men to avoid injury and preserve their lives. The former of such objections is well taken. It has been held repeatedly to be error to limit the inquiry in the matter of time, when a party injured should be in the exercise of due care, to any exact instant. L. S. & M. S. Ry. Co. v. Hession, 150 Ill. 546; I. C. R. R. Co. v. Kief, 111 Ill. App. 354. In this respect the instruction tended to mislead the jury.

The other objection, however, we do not regard as tenable, as under all the evidence the jury were warranted in believing that there was no eye-witness to the

accident. In such event there is no objection to telling the jury they may consider the instincts of men, which naturally lead them to avoid injury and preserve their lives, in determining whether or not ordinary or due care was exercised. I. C. R. R. Co. v. Norwicki, 148 Ill. 29-35; C., B. & Q. R. R. Co. v. Gunderson, 174 Ill. 495-498; Ill. Cent. R. R. Co. v. Prickett, 210 Ill. 140.

Appellant next assigns as error the giving of the sixth instruction for appellee, which was in the following words:

"The court instructs the jury that in this case, in determining whether or not the deceased, Harry Collison, used due care to avoid the injury which is alleged by the declaration to have caused his death, it is your right and your duty to take into consideration and carefully weigh all the facts and circumstances appearing from the evidence to have surrounded him at the time of the accident; it is proper for you to consider the number of trains which were at or approaching to the place of the injury at the time thereof, if shown by the evidence, the buildings on the right of way at and near the place of the accident, if shown by the evidence, the speed at which the train or trains at such location were moving, if shown by the evidence, the purpose for which the deceased went upon the right of way and tracks of the defendant company, if shown by the evidence, the platforms and crossings provided for use by patrons of the company at and near the place of the accident, as shown by the evidence; and it is right and proper for you to consider all other facts and circumstances which the evidence may disclose tending to show the care or caution exercised by the deceased to prevent injury to himself, if any such appears from the evidence, and if, after considering all the facts and circumstances in evidence before you, you believe that the deceased acted as an ordinarily prudent and cautious man would have acted under the same or. like circumstances to avoid injury to himself, and if you believe from the evidence in the case that the deceased did use due care and caution for

his own safety, and that he was injured by reason of the negligent acts of the defendant as complained of in the declaration, if you believe from the evidence the defendant was negligent as so complained of in the plaintiff's declaration, while he, the plaintiff, was in the exercise of due care for his own safety, then, in that event of the proof, your verdict should be for the plaintiff and you should assess his damages at such amount as you may determine from the evidence the widow and next of kin of the deceased have sustained, if any.''

This instruction was too long, very argumentative, and assumed that the matters therein recited tended to show care upon the part of deceased to avoid the injury and was so prejudicial to the case of appellant as to make a reversal necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*