### Fred Collison, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

1. PRACTICE—*when manner of selecting jury not ground for reversal.* The fact that a defendant is required to examine and pass upon a second panel of four jurors before the same has been accepted by the plaintiff, will not reverse in the absence of a showing of prejudice.

2. PRACTICE—*when modification of special interrogatory proper.* A special interrogatory tendered as follows:

"Could the deceased, while upon the defendant's right of way, have, by the exercise of due diligence for his own safety, discovered

the approach of the train which struck him, in time to have avoided the injury which caused his death?"
is properly modified so as to read in the following form:

"Could the deceased, under the conditions shown by the evidence to have existed and which surrounded him, just before and at the time of his injury, by the exercise of the due diligence for his own safety, have avoided the injury which caused his death?"

3. EVIDENCE—*what competent to show train intestate intended to take.* Nothwithstanding the plaintiff's intestate prior to the accident which resulted in his death had stated he intended to board a particular train, it is none the less competent for the plaintiff to introduce evidence tending to show that such intestate in fact intended to take another and different train.

4. EVIDENCE—*when bulletins competent.* Where the question is as to what train the plaintiff's intestate intended to take just prior to the accident which resulted in his death, it is competent to introduce bulletins which show that a particular train was scheduled to leave at or about the time of the accident in question.

5. TRIAL—*when remarks of judge will not reverse.* Even though remarks of the trial court may have been unwarranted and hasty they will not reverse unless prejudice appears to have resulted.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHIL-BRICK, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

CLOUD & THOMPSON, for appellant; JOHN G. DREN-NAN, of counsel.

W. M. ACTON and F. M. & H. I. GREEN, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Fred Collison, as administrator of the estate of Harry Collison, deceased, sued the Illinois Central Railroad Company in the Circuit Court of Champaign county for the alleged negligent killing of said Harry Collison upon the right of way of said railroad company at Thomasboro, Illinois. A trial was had in April, 1906, and a verdict returned in favor of Collison, administrator, in the sum of $8,000 upon which judgment was rendered, from which an appeal was prayed to this court, which said judgment was reversed in an

opinion by this court reported in the 134 Ill. App. 443, and the cause remanded.

At the September term, 1907, of said circuit court said cause was again tried and a verdict returned in favor of said administrator in the sum of $10,000 and judgment entered thereon. From that judgment an appeal has been taken by said railroad company.

We do not deem it essential to make a statement in detail of the case, as the same is set out in full in our former opinion, and it is unnecessary to discuss all assignments of error made by appellant, as many of them relate to matters involved on the former appeal when the case was reversed upon the ground of error in the giving of two instructions for appellee.

Appellant contends that it was error upon the part of the trial court to require the appellant, defendant in court below, to examine and pass upon the second panel of four jurors before the same was examined and accepted by plaintiff, and that section 21 of chapter 78 of the Revised Statutes required the plaintiff to pass upon and accept each panel of four jurors before the defendant could be called upon to do so.

Appellee contends that the practice of the trial court was followed in the selection and impaneling of the jury, and that no harm resulted to appellant from following such practice. Appellant makes no claim that the matter of selecting the jury in any way imperilled or prejudiced appellant's rights in the selection of the jurors, or that by such practice it was forced to accept an unworthy or objectionable juror, or that by reason of such practice it became necessary to use or employ a peremptory challenge that it would not otherwise have used. In the absence of any claim of prejudice to appellant by reason of such action of the court, we are disposed to hold that there was no reversible error in the ruling of the court upon this feature of the case.

It is next contended that there was error on the part of the trial court in the admission of evidence to the

effect that the family of deceased was at his home in Rantoul, Illinois, on the evening that Collison was killed and in the admission in evidence of some railroad bulletins of appellant.

In view of the fact that the deceased was on the way to take a train at Thomasboro at the time of his death, we think it was competent to show that his family, at that time, was at his home in Rantoul, as tending to show what train it was likely deceased intended to take. It is true that deceased had said to others just before his death that he intended to take the train going to Rantoul, but it was still competent for appellee to give additional evidence, which properly tended to show the intention of deceased to return to his home, and appellee was in no way prejudiced by the admission of such evidence.

The bulletins objected to were competent to show that a train scheduled to go toward the home of deceased at about the time he was killed carried passengers who held mileage tickets, in connection with the other evidence that deceased held or had upon his person such mileage.

Appellant next insists that there was error in the action of the court in modifying a special interrogatory proposed by appellant to be submitted to the jury and in stating, while passing upon an objection made by appellee, that he would have sustained the objection earlier if it had been made earlier. The special interrogatory as tendered by appellant, read as follows:

"Could the deceased, Harry Collison, while upon the defendant's right of way, have, by the exercise of due diligence for his own safety, discovered the approach of the train which struck him, in time to have avoided the injury which caused his death?"

This interrogatory the court modified so that it read as follows:

"Could the deceased, Harry Collison, under the conditions shown by the evidence to have existed and which surrounded him, just before and at the time of

the injury, by the exercise of due diligence for his own safety, have avoided the injury which caused his death?''

The interrogatory as first presented, omitted to have the jury take into account the surrounding conditions in determining whether by the exercise of due care Collison could have discovered the approach of the train which struck him, and it was to cure that defect, evidently, that the court prepared the modified form. The modification of the interrogatory seems to us to have been only fair under the circumstances, as the jury may have said that deceased could have seen the train if he took no account of the surroundings, when they could have said (as they did) that deceased could not have avoided the injury which caused his death, under the conditions shown by the evidence to exist and to surround him at the time of his death.

The court's remark above quoted in passing upon the objection would seem to have been unwarranted and somewhat hasty, but was not of so prejudicial a character as to require extended comment, and certainly not of sufficient moment to warrant a reversal.

This cause was reversed upon the former appeal because the trial court gave, for appellee, two instructions which this court determined upon that appeal, to have been error. Upon the trial now appealed from neither of the objectionable instructions was offered or given, while the instructions that were given seem to have been fair toward appellant and to have covered every phase of the case necessary to be covered, and as a series to have stated the law applicable to the case with substantial accuracy.

There is no prejudicial error in the record and the judgment is affirmed.

*Affirmed.*