## Owen Anderson, Administrator of the Estate of Anton Kasprzak, Deceased, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

### Gen. No. 7,663.

1. EVIDENCE—*weight of circumstantial evidence.* To establish, by circumstantial evidence, the plaintiff's theory that his intestate was going over a railway crossing when struck by a train, the facts must be so clearly related to each other that such is the only conclusion to be drawn.

2. RAILROADS—*sufficiency of evidence to show that pedestrian was on crossing when struck.* Evidence that intestate's body was found 15 to 100 feet from a railway crossing and his cap about 16 feet therefrom will not, standing alone, sustain the allegation that he was lawfully on the crossing when struck.

3. RAILROADS—*proof of allegation as to deceased being struck while on crossing.* In an action against a railway for wrongful death, plaintiff must prove the allegation in his declaration that intestate was upon a highway crossing when struck by a train.

4. DIRECTING VERDICT—*when statements on motion for, not proof.* Statements on motions for directed verdict by a railway company on the ground of variance between proof and declaration, asserting there could be no recovery even conceding intestate was on the railway crossing when struck, do not furnish proof of that fact for plaintiff.

5. RAILROADS—*allegations necessary to sustain evidence.* Plaintiff in an action against a railway company for wrongful death cannot show the condition of defendant's board crossing, and its repair after the accident, as proof of circumstances surrounding the injury where he made no allegation in regard thereto in his declaration.

6. HARMLESS AND PREJUDICIAL ERROR—*when admission of evidence prejudicial.* Admission of evidence that defendant's board crossing was so defective as to catch decedent's foot and hold it until he was killed by a train was reversible error, where such facts were not pleaded.

7. HARMLESS AND PREJUDICIAL ERROR—*when error in admitting evidence not cured.* After evidence of a defective railway crossing was erroneously introduced, the court's instruction that it must not be considered as proof of defendant's negligence in killing plaintiff's intestate since that had not been alleged in the declaration, did not cure the error.

8. DEATH BY WRONGFUL ACT—*evidence of care in absence of eyewitnesses.* Proof, in the absence of eyewitnesses, that decedent was a sober and industrious man and in possession of his senses when he went on the railway track where he was killed does not offer the necessary proof that he was a prudent and careful man and thus establish freedom from contributory negligence.

9. HARMLESS AND PREJUDICIAL ERROR—*cure of error in admitting evidence.* Error in admitting an ordinance in evidence is cured where the only counts based thereon are excluded from the consideration of the jury.

10. ARGUMENTS OF COUNSEL—*when improper.* Permitting argument to the jury based upon an excluded ordinance was error.

Appeal by defendant from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed December 21, 1926. Rehearing denied February 24, 1927.

WOODWARD, HIBBS & POOL, for appellant; DANIEL TAYLOR, of counsel.

L. O. BROWNE, M. D. MORAHN and BUTTERS & BUTTERS, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Owen Anderson, as administrator of the estate of Anton Kasprzak, deceased, recovered a judgment for $5,000, in the circuit court of LaSalle county, against appellant, Chicago, Rock Island & Pacific Railway Company, for the death of appellee's

intestate, and an appeal has been prosecuted to this court.

Appellant has two east and west main tracks through the city of LaSalle. Chartres Street and Creve Couer Street extend north and south and cross the tracks at right angles. Chartres Street is one block west of Creve Couer Street. There is a crossing at Creve Couer Street for vehicles. On the west side of Creve Couer Street there is a plank sidewalk about 4½ feet wide. About 25 feet east of Chartres Street there is a signal tower from which gates are operated at Creve Couer Street, which gates extend only over the vehicle crossing and not over the sidewalk. The depot of appellant is on the north side of the tracks about half a block east of Creve Couer Street. There is a signal post east of the depot.

The deceased lived in a house-boat along the Illinois and Michigan canal, just east of Creve Couer Street and south of the tracks two or three blocks. He was a section man for appellant. He went home about 5.00 p. m. on February 21, 1923, washed and ate his supper. About 6.30 he went to town and returned about 7.30 with some laundry. He again left home at 8.00 o'clock and his whereabouts from that time until he was killed does not appear from the evidence.

The undisputed evidence is that about 9.15 p. m. a westbound passenger train, consisting of 8 to 12 coaches, known as the Golden State Limited, went through LaSalle. The whistle was blown at the signal post east of the depot. The towerman started his signal bell ringing when the train whistled, and kept it ringing until the engine passed the tower. The whistle was blown a number of times between the depot and Chartres Street. The only direct evidence is that the train was running 25 miles per hour, although appellee contends that the facts and circumstances show that it was going 60 miles per hour. A man was struck near Creve Couer Street. The train was

stopped with its rear end one or two rods west of the tower. The body of deceased was found along the tracks. One witness testified it was 70 feet west of Creve Couer Street, another testified it was 100 feet west, and still another said it was 15 to 20 feet west. A black corduroy cap was found 16 or 17 feet west of the crossing. The conductor found a shoe about 20 feet west of the body. The evidence does not show what was done with this shoe. The next morning one of the witnesses found a shoe on the westbound track about 12 or 15 feet beyond the end of the crossing. The shoe and strings were cut. The deceased's right shoe was off, a right shoe was found, and it was the mate to the shoe deceased had on his left foot. One of the deceased's legs was so mangled it was taken off, and the whole side of his skull was mashed.

The declaration consisted of four counts. The first count alleged that the decedent was passing along Creve Couer Street, and over the tracks, when a train running at a high, excessive, and dangerous rate of speed, in excess of the limit permitted by the ordinances of said city, struck and killed him. The second count charged that through the wanton, wilful misconduct, and gross negligence of appellant, the train was driven over the crossing in a careless, dangerous, wanton and reckless manner, at a high and excessive rate of speed. The third count charged that there was in force in the city an ordinance which provided that no passenger trains should run at a greater rate of speed than 10 miles per hour, but that appellant wantonly and wilfully drove its train over said crossing 25 miles per hour. The fourth count alleged that appellant operated the train through the city over said crossing without ringing a bell or sounding a whistle, contrary to the statute.

At the close of appellee's evidence, appellant moved for a directed verdict on the ground that there was a variance between each count of the declaration and

the proof. The motion was denied. Appellant then moved to exclude the evidence under each count, which motion was sustained as to the first, third and fourth counts and overruled as to the second. Appellant rested without introducing any evidence, and thereupon the various motions as to the second count were renewed, were overruled, and appellant asked for a directed verdict under the second count, which motion was denied.

Each count alleged that deceased was on the crossing at the time he was killed. This was a material allegation and the burden was on appellee to prove it. There is no direct evidence on this point. He left home at 8.00 o'clock and was not seen again until he was found dead. No one saw him at the crossing, near it, going towards it, or in its vicinity. There were no blood stains on the crossing and no evidence that the body had been struck or dragged. He may have been east of the crossing, west of the crossing, or on it, for all the evidence shows. His position at the time he was struck could have been established by circumstantial evidence, but where circumstantial evidence is used to establish a material fact, the proof must be based on something more than mere guess, conjecture or surmise. A theory cannot be said to be established by circumstantial evidence, unless the facts relied on are of such a nature, and are so related to each other, that it is the only conclusion that can reasonably be drawn therefrom. *Savoy Hotel Co. v. Industrial Board of Illinois,* 279 Ill. 329; *Ohio Bldg. Safety Vault Co. v. Industrial Board of Illinois,* 277 Ill. 96; *Condon v. Schoenfeld,* 214 Ill. 226; *O'Connor v. Aluminum Ore Co.,* 224 Ill. App. 613.

In support of the contention that the evidence was sufficient to show that deceased was on the crossing at the time he was struck, appellant cites *Follett v. Illinois Cent. R. Co.,* 209 Ill. App. 81; *Follett v. Illinois Cent. R. Co.,* 200 Ill. App. 289; and *Chicago, B. & Q.*

*R. Co. v. Gunderson,* 174 Ill. 495. In the first two cases two men were killed in the same accident. They were seen on the crossing, a very short time before the accident, waiting for a train to pass. Blood spots and evidence of the dragging of the cinders were found just south of the crossing. In the last case cited the deceased was seen at a double track crossing waiting for a long freight train to pass. Just as the rear of the train passed, he was killed by another train which came from the opposite direction. In each of these cases it was held that the evidence was sufficient to establish the fact that the persons killed were on the crossing at the time of the accident. In the case at bar, however, there is an entire absence of any such evidence.

In *Welsh v. Erie & W. Val. R. Co.,* 181 Pa. St. 461, 37 Atl. 513, the deceased was found lying a few feet from the crossing between the tracks. No one saw him on the crossing. Although near to it, he was not on it when found. No one saw him struck by the train. The court said: "To make the connection, we must presume he was thrown from the crossing to the track, and further presume he was lawfully upon the crossing when struck. If he had been seen walking upon it, or even going on the highway towards it, the jury might have found that he was lawfully upon it. The law does not presume that the presence of a person upon a railway track is lawful. It will presume that a traveler upon a highway leading to a railroad-track crossing is lawfully upon the track for the purpose of crossing it; but, if only found there, he may have been there as a mere loiterer, or he may have been a trespasser walking on the ties to reach a destination not touched by the highway." The court held that the evidence was not sufficient to show that he deceased was on the crossing.

The only evidence in this case that deceased was struck on the crossing was that his body was found

15 to 100 feet west of the crossing. His cap was found 16 to 17 feet west of the crossing and a shoe was found 20 feet west of the body. The entire contention of appellee rests solely upon appellee's theory, without any evidence to support it, that he was on the crossing at the time he was struck. If he was not struck on the crossing, but was struck east or west of the crossing, then a material allegation of the declaration was not established by the evidence. If appellee saw fit to go to trial upon a declaration of this kind, he was bound to prove the charge as alleged in the declaration, and he cannot recover upon a theory not alleged in the declaration or established by the evidence.

Appellee insists that appellant should not be allowed to contest the fact that deceased was on the crossing, for the reason that by their motions for a directed verdict they have repeatedly admitted that he was on the crossing at the time he was struck. The various statements of appellant in its motions were made in support of its contentions that there was a variance between the declaration and the proof, and that even conceding that the deceased was on the crossing, and that his foot was caught in the defective sidewalk, that there was such a variance as prevented a recovery. These statements of appellant did not take the place of proof of the fact that deceased was on the crossing when he was struck.

The court, over the objection of appellant, admitted evidence that some of the planks on the board walk on the west side of Creve Couer Street were rotten and had holes in them, and that on the morning following the accident, the servants of appellant tore up the old planks and put in new ones. It is insisted by appellee that the evidence as to the defective condition of the sidewalk was admitted merely for the purpose of showing surrounding conditions and circumstances, and that where evidence is competent for one purpose,

though incompetent for another, it is nevertheless admissible; that it has been held competent to prove the condition of a sidewalk a few days after the accident and also that the sidewalk was repaired some days after the accident, to establish the condition of the sidewalk at the time of the accident, and *East St. Louis & S. R. Co. v. Zink,* 229 Ill. 180; *City of Chicago v. Jarvis,* 226 Ill. 614; *City of Taylorville v. Stafford,* 196 Ill. 288; *City of Chicago v. Dalle,* 115 Ill. 386, are cited in support of this contention. The cases cited are not applicable here. The facts in each of those cases were entirely different from the facts here presented. The declaration did not allege that the sidewalk, or its defective condition, had anything to do with the accident. A pleading is intended to disclose a cause of action or defense, and a party has a right to know what he is charged with so as to enable him to properly make out a case and to prevent his being taken by surprise by the evidence at the trial. *Wabash R. Co. v. Billings,* 212 Ill. 37.

Neither do we think this evidence was offered merely for the purpose of showing the surrounding conditions and circumstances. Appellee's theory of the proof is that the foot of the deceased was so caught and held in the defective sidewalk that he could not remove himself from the path of the approaching train, and it was for this reason that appellee offered proof as to the defective condition of the sidewalk. This is apparent from the argument of appellant in his brief when he says: "There was a hole in the plank which was a part of the crossing over the track at the time of the accident and decedent's foot became fastened in it. That fact was proper to be shown by the best evidence the circumstances afforded. If the plank was rotten and had a hole in it by reason thereof and was then being replaced the next morning, these facts had a tendency to establish the fact that the same condition existed at the time of the occur-

rence.'' It is apparent from this argument that the
evidence was offered not for the purpose of showing
the surrounding conditions, but for the purpose of
establishing appellee's right to recover. If he de-
sired to recover on the ground that the sidewalk was
defective, and that deceased caught his foot therein,
he should have so declared in his declaration. With-
out such an allegation, the proof was not admissible,
and constituted not only reversible error, but it also
constituted a variance between the declaration and
the proof. Such evidence was especially damaging to
appellant in view of the fact that there was no direct
evidence tending to show that deceased was even on
this sidewalk, or on this crossing. The court appar-
ently entertained this view for the reason that by the
tenth instruction on behalf of appellant, the jury was
told that this evidence must not be taken into consid-
eration in determining the liability of the defendant,
as the plaintiff had made no allegation of such neg-
ligence in his declaration. The giving of this instruc-
tion did not, however, correct the error caused by the
admission of the evidence.

Appellant insists that the evidence does not show
that the deceased was in the exercise of due care. A
plaintiff is not permitted in cases where there are no
eyewitnesses to merely prove the accident which re-
sulted in death, and then rely upon the instinct of
self-preservation common to all men to establish the
exercise of due care and caution on the part of the
deceased. It is incumbent upon the plaintiff, in such
a case, to prove the habits of the deceased as to
sobriety, prudence, the exercise of care and caution
in the ordinary affairs of life, and as to any other
particular which would tend to throw light upon the
question of whether, at the time of the fatality, he
was likely to have been in the exercise of ordinary
care. In the absence of any proof whatever which
would tend to show that the deceased was in the ex-

ercise of ordinary care for his own safety, the appellee was not entitled to recover. *Casey v. Chicago Ry. Co.*, 269 Ill. 386; *Stollery v. Cicero & P. St. R. Co.*, 243 Ill. 290. The exercise of due care by the deceased must be established by the highest proof of which the case is capable. *Collison v. Illinois Cent. R. Co.*, 239 Ill. 532; *Illinois Cent. R. Co. v. Nowicki*, 148 Ill. 29; *Chicago & A. Ry. Co. v. Carey*, 115 Ill. 115; *Missouri Furnace Co. v. Abend*, 107 Ill. 44. Appellee offered evidence to show that the deceased was sober when he left the house; that he sometimes drank a glass of whiskey but he was always sober, and was never known to get drunk; that he always worked; that he worked for the Illinois Zinc Company for 30 years and for the appellant as a section hand for five years, and was in possession of all of his faculties. Appellee insists that this evidence was sufficient to establish that the deceased was in the exercise of due care, and in support of this contention cites *Missouri Furnace v. Abend*, 107 Ill. 44; *Chicago, R. I. & P. R. Co. v. Clark*, 108 Ill. 113; *Toledo, St. L. & K. C. R. Co. v. Bailey*, 145 Ill. 159; *Chicago, B. & Q. R. Co. v. Gunderson*, 174 Ill. 495; *Cleveland, C., C. & St. L. Ry. Co. v. Keenan*, 190 Ill. 217; *Chicago & A. R. Co. v. Wilson*, 225 Ill. 50; *Moore v. Bloomington, D. & C. R. Co.*, 295 Ill. 63. Upon examination it will be found that none of these cases support this contention. In each of them there was evidence, either direct or circumstantial, that the deceased was a careful, prudent man. The law recognizes the fact that there are persons who are careless, heedless and inattentive, as well as those who are careful and prudent. *Collison v. Illinois Cent. R. Co.*, *supra*. The deceased may have been sober, industrious, and in possession of all of his faculties, and not have been a prudent and careful man in the ordinary affairs of life. The evidence offered did not come within the rule announced in the authorities above cited.

Over the objection of appellant an ordinance of the city of LaSalle was admitted in evidence limiting the speed of passenger trains to 10 miles per hour. Appellant insists that the Public Utilities Act [Cahill's St. ch. 111a] has taken from cities and villages the power to regulate the speed of trains, and in support of his contention cites *Village of Atwood v. Cincinnati, I. & W. R. Co.*, 316 Ill. 425, and *Northern Trust Co. v. Chicago Rys. Co.*, 318 Ill. 402. In those cases the Public Utilities Act was under consideration and it was held that that act superseded the right of cities and villages in certain respects with reference to railroads. We do not think that question, however, is material in this case, or properly before this court. The first and third counts of the declaration were based on this ordinance, but the second count was not so based. The evidence under all counts except the second was excluded, therefore, the court excluded this ordinance, and the counts upon which it was based were no longer before the court or jury for consideration. If there was error in admitting the ordinance, it was obviated when the ordinance was excluded. After this evidence was excluded, the court permitted counsel for appellee to argue the ordinance to the jury. In this respect we think the court was in error and should have limited the argument to the evidence which had been admitted and not excluded.

It is contended that the judgment is contrary to the evidence, and that appellant was not guilty of the negligence charged in the declaration. Because of the fact that the case may have to be tried again, we express no opinion as to the weight of the evidence.

It is insisted that counsel for appellee in the argument to the jury made improper remarks and our attention has been called to several of them. In most instances the court sustained the objection, and possibly in only one instance overruled the objection. Counsel in their argument should be limited entirely

to the questions at issue and should not be permitted to go outside of the evidence and make prejudicial. remarks. If the only error were the argument to the jury, we would not feel inclined to reverse the judgment.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*