Thelma E. Whitford, Administrator of the Estate of Edward M. Whitford, Deceased, Plaintiff-Counter-Defendant and Appellant, v. Truman J. Downs, Defendant-Counter-Plaintiff and Appellee, and Melba Jean Downs, Counter-Plaintiff and Appellee.

Gen. No. 63–O–2.

Fourth District.

November 21, 1963.

Phillips, Phebus & Tummelson, of Urbana, and Parker, Bauer & Parker, of Effingham, and Sonnemann & Corbell, of Vandalia, for appellant.

J. Richard Royal, of Vandalia, for appellees.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of Fayette County on the verdict of a jury, in favor of defendant, Truman J. Downs, and a verdict in favor of Truman J. Downs as counter-plaintiff as against Thelma E. Whitford, Administrator, fixing his damages at $25,000; and a verdict for Melba Jean Downs against Thelma E. Whitford, as Administrator, fixing her damages in the amount of $37,500.

The original action had been brought by the Administrator of the Estate of Edward M. Whitford, to recover damages for wrongful death of her intestate, as against defendants Truman J. Downs and Melba Jean Downs, in the operation of their automobile. The complaint against Melba Jean Downs was later dismissed. The defendants, Truman J. Downs and Melba Jean Downs filed their counter-claims to recover damages for personal injuries occasioned by the alleged negligence of plaintiff's intestate in driving his automobile.

On appeal in this case, it is contended by the plaintiff, Thelma E. Whitford, administrator of the estate of Edward M. Whitford, deceased, that the verdicts and judgments were against the manifest weight of the evidence; that the verdicts were the result of bias, and prejudice, and were so excessive as to demonstrate sympathy for counter-plaintiffs' injuries and the death of their month old son who was killed in the collision; that the Court erred in refusing to conduct a preliminary hearing outside the presence of the jury to determine if defendants' daughter (who was seven

152

years old at the time of the accident) had sufficient capability to understand and appreciate the moral duty to understand and comprehend an oath and to be a competent witness (she was eight years old at the time of trial). It is also contended that the Court erred in giving an instruction, to which reference will be made later in the course of this opinion.

■ There is testimony by witnesses to the effect that the accident occurred when the automobile driven by plaintiff's intestate, came across the highway and struck the car of Truman Downs and Melba Downs, inflicting serious and permanent injuries upon them. There were disputed questions of fact presented to the jury and once a jury passes upon them, unless they are palpably erroneous, such findings of fact will not be disturbed (Bunton v. Illinois Cent. R. Co., 15 Ill App2d 311, 146 NE2d 205), and there is no basis for granting a new trial on the ground that the verdict is against the manifest weight of the evidence unless an opposite conclusion is clearly evident (Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 147, 72 NE2d 705). We are not, on appeal, justified on a record such as we find in this case in reversing the decision of the Trial Court who saw and heard the witnesses in the proceeding (Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347).

■ The examination of Kathy Downs, who was then eight years of age, to determine if she had sufficient understanding of the nature of the oath and the moral obligation to speak the truth in the presence of the jury, was not an abuse of discretion of the Trial Court since there was opportunity for the jury to consider the witness' understanding of the nature and obligation of the oath in determining her credibility (People v. Hudson, 341 Ill 187, 173 NE 278; People v. Johnson, 298 Ill 52, 131 NE 149). We see no re-

versible error in the preliminary examination of the child in the presence of the jury, on the record before us.

██ Defendants' instruction to which plaintiff objects, says in substance that plaintiff in this case was suing as administrator and that since the deceased could not testify, the counter-plaintiffs Truman Downs and Melba Jean Downs were not permitted by law to testify in their own behalf. It further specifically stated that the fact that the defendant Truman Downs and counter-plaintiffs Truman Downs and Melba Jean Downs did not testify generally should not be considered by you for or against them. It is contended by plaintiff that the instruction was misleading because it told the jury that defendant Downs did not testify when, in fact, he did testify, and that the jury was told that Truman Downs was by law in some manner restricted in his liberty or ability to testify to all the facts which he knew which he might otherwise have testified to except for legal restrictions. The instruction referred to was taken from the Illinois Pattern Jury Instruction 5.02 and was modified by adding the word "generally." In the conference on instructions after the instruction had been discussed by Court and Counsel, the Court indicated that the instruction might be misleading where it said that Truman Downs did not testify as the jury knew he did testify. The Court then stated that defendants' instruction number 7 will be given the addition of the words "did not testify generally." No specific objection was made to the addition of the word "generally" to the instruction, and it is therefore contended by appellees that this instruction was given by consent of counsel and no objection can be raised thereto on appeal. The record apparently indicates that no objection was made to the instruction as modified. We likewise feel that the instruction did not constitute reversible error on the record before us.

■ The verdicts of the jury in favor of Melba Downs, fixing her damages in the sum of $37,500, and in favor of Truman Downs in the sum of $25,000, are contended by appellant to demonstrate in and of themselves, that the verdicts were based upon passion, prejudice, sympathy, or otherwise, and not upon the evidence in the case. Truman Downs received numerous lacerations to his face, nose and lower lip. He had a brain concussion and remained unconscious or semiconscious for over three days. His most serious permanent injury was a compound fracture of the middle third of the left ulna. He had worked as a carpenter prior to the time of the accident. After the accident he was unable to return to his work for four and a half months, and has been unable since that time to use his arm, so that he was forced to take piece work, laying shingles, and he has had little, if any, grip in his hand, being unable to turn a doorknob. Medical opinion to the effect that the arm should be rebroken and reset could not be followed because of Mr. Downs' financial condition. His condition still caused pain and would be permanent, requiring supplementary surgery which would disable him for several months.

Melba Downs had severe lacerations of her forehead which were across her eyes, and a laceration on the side of her forehead. She suffered severe shock, and most serious, had a fracture of the left femur which was reduced by open reduction and by insertion of a flange nail. At the time of trial the fracture had not healed and she continued to have pain in her hip. Sometimes she walked with a limp, and there was a shortening of the leg and pain upon movement. Supplementary surgery would be required. Mrs. Downs, according to medical testimony, suffered a permanent injury and would always limp.

The verdicts returned apparently were based on an evaluation of the various elements of damage, including pain and disability. It would be very difficult for

155

this Court on review, to state that the verdicts represented unreasonable amounts of compensation for such injuries (Andrews v. General Const. Co., 37 Ill App2d 131, 185 NE2d 354; Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63).

Upon a review of the entire record we are of the opinion that no reversible error is shown and that the judgments entered in this cause upon the verdicts rendered by the jury were proper. This cause will, therefore, be affirmed.

Affirmed.

SCHEINEMAN and HOFFMAN, JJ., concur.