**Kay Ann Redmond, Plaintiff-Appellee, v. George C. Huppertz, Defendant-Appellant.**

**Gen. No. 65–84.**

Second District.

June 6, 1966.

Sears, Streit, Dreyer & Foote, of Aurora, for appellant.

Matthews, Jordan, Dean & Suhler, of Aurora, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court for the 16th Judicial Circuit, Kane County. The case was tried by a jury and a judgment was entered on the jury's verdict in the amount of $90,000 for personal injuries suffered by the plaintiff when struck by an automobile being driven by the defendant, on June 29, 1962, at approximately 9:45 a. m. in St. Charles, Illinois. The plaintiff, then 16 years of age, and a friend were walking East on the South side of Main Street, West of Third and East of Second Street. The defendant was waiting for his wife in his automobile which was facing East on the South side of Main Street about ten feet West of Third Street. His wife was shopping in a store at the corner of Main and Third Streets.

The evidence was conflicting as to the events which next occurred. Defendant testified that when his wife rejoined him he started up slowly and stopped for a red light at the intersection with the intention of making a right turn. When the light turned green he started to execute his right turn when a car coming from the opposite direction turned in front of him. Defendant testified he jammed on his brakes but that his foot slipped, hitting the accelerator. The car crossed the intersection,

jumped the curb, and proceeded East for more than half a block down the South sidewalk of Main Street, between Third and Second Streets, before coming to a stop when it hit a light pole and a parked truck. While the car was out of defendant's control it struck the plaintiff.

Defendant further testified that after his foot hit the accelerator, the accelerator became stuck and he could not loosen it. He does not remember seeing the plaintiff. Several eyewitnesses to the occurrence testified their attention was first attracted to defendant's car when they heard the roar of its engine. It appears from their testimony that while parked in front of the grocery store defendant had repeatedly raced his engine. Finally, his car took off at terrific speed, jumped the curb and proceeded down the sidewalk. None of these witnesses observed another car turning left in front of defendant. There was also conflicting testimony as to the extent and permanency of the injuries suffered by the plaintiff when she was struck by defendant's automobile.

█ Defendant urges that the court erred in refusing to admit the testimony of an investigating police officer to the effect that after the accident, either the same or within the next day or two, he observed a test as to whether the accelerator of the car was defective. In the offer of proof the investigating officer testified that while he was at the garage to which the damaged car was taken, he observed the owner of the garage test the accelerator by pressing it down with his hand. He testified that it would only go halfway down and then would stick and would not release. The officer himself did not test it and no further test was made. We do not feel the rejection of this testimony was erroneous as the record does not show that the defendant laid a proper foundation to indicate with reasonable certainty that the condition of the accelerator after the accident was the same as prior to the accident and that the reason for

its sticking after the accident was not due to some malfunction or defect caused by the accident. Jines v. Greyhound Corp., 33 Ill2d 83, 88, 210 NE2d 562; Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 36, 37, and 38, 139 NE2d 274.

■ ■ Defendant charges error in that several eyewitnesses to the occurrence, in describing what happened, testified that as defendant's car jumped the curb and proceeded down the sidewalk, it struck other pedestrians before hitting the plaintiff. The testimony of these witnesses was merely a recitation of what they saw. They did not testify as to the nature or the severity of the injuries suffered by any of the other persons struck by defendant's car. In Vujovich v. Chicago Transit Authority, 6 Ill App2d 115, 126 NE2d 731, relied upon by the defendant, the court had held that the introduction of photographs showing firemen assisting other passengers who had pained and frightened expressions on their faces from the scene of the collision had no bearing on the injuries sustained by the passenger-plaintiff and was therefore inadmissible. We believe that there is a substantial difference between the testimony here offered which merely explained and described the whole of the scene of the accident and that which, as in the Vujovich case, depicts the injuries, pain and suffering of other parties which might tend to unduly prejudice the jury and bring before it collateral issues. Injury or death of others in the same accident is an incident of the accident, Budek v. City of Chicago, 279 Ill App 410, 421, and is admissible as part of the res gestae, West Chicago St. R. Co. v. Kennelly, 170 Ill 508, 510, 48 NE 996. We cannot find that this testimony was prejudicial to the defendant.

■ The defendant contends that the plaintiff's argument to the jury was not fair comment on the evidence but was highly prejudicial in many respects and con-

258

stitutes reversible error. The brief sets forth five excerpts from a lengthy argument with citations concerning what may or may not have been fair comment or reasonable inferences from the evidence. No objections were made by the defendant. It is probable, had objection been made to this argument, part of such objections would have been sustained by the trial court. The general rule is that assignments of error will not be considered on appeal unless objection to the alleged prejudicial argument has been made in the trial court, a ruling of the court obtained and the record showing the objection and ruling preserved. Smith v. Illinois Valley Ice Cream Co., 20 Ill App2d 312, 331, 156 NE2d 361; Darling v. Charleston Community Memorial Hospital, 50 Ill App2d 253, 334 to 336, inclusive, 200 NE2d 149. Our attention has been called to an exception to the general rule, namely, that if prejudicial arguments are made without objection of counsel or interference by the trial court to the extent that the parties litigant cannot receive a fair trial and the judicial process stand without deterioration, then upon review the court may consider such assignments of error, even though no objection was made and no ruling made or preserved. Belfield v. Coop, 8 Ill2d 293, 313, 134 NE2d 249. We have read the argument in the case at bar and find that while there may have been portions of it to which the trial court could have sustained objections had any been made, the overall argument was not prejudicial and was within the broad latitude granted to attorneys. Mokrzycki v. Olson Rug Co., 28 Ill App2d 117, 127, 170 NE2d 635; Reinmueller v. Chicago Motor Coach Co., 341 Ill App 178, 186. This was not a Belfield v. Coop, supra, type of argument.

█ █ The trial judge in giving instructions to the jury included two instructions, one which related to the future loss of earnings to the plaintiff, IPI 30.07, and the

other to future medical expense, IPI 30.06, both of which defendant claims were erroneous. No testimony was adduced to indicate that the injuries sustained would impair plaintiff's ability to obtain work or be gainfully employed. The medical opinion indicates a brain injury with permanent loss of the sense of smell and a permanent disruption of the sense of taste and some loss of emotional control and a degree of epileptic activity, for which medication is indicated. To a contraindication is the defendant's proof that the plaintiff participated in the usual school activities and was fully and gainfully employed at the time of the trial. Our attention is directed to Stewart v. DuPlessis, 42 Ill App2d 192, 201, 191 NE2d 622 wherein a young boy suffered the loss of an eye; Wolczek v. Public Service Company, 342 Ill 482, 496, wherein a boy lost an arm, and Parnham v. Carl W. Linder Co., 36 Ill App2d 224, 183 NE2d 744, where an adult plaintiff lost an eye. In these cases the court permitted an inference of future loss of earnings, from the nature of the injury. It is urged that the injuries sustained are not obvious, and therefore, proof of loss of future earning power must be proven to permit and give an instruction on that issue. We do not concur with this interpretation of the foregoing citations and conclude that an instruction on the future loss of earnings, where evidence is adduced of some permanent injury to a minor child, is proper. There is some evidence indicating the necessity for future medical care and the instruction on future medical expense was pertinent.

██ The defendant contends that the general rule in Illinois on hypothetical questions is well defined in Illinois, citing Olofsson v. Wood, 23 Ill App2d 32, 46, 161 NE2d 681, as follows:

"The rule is that there an expert witness is asked a hypothetical question and the facts are not dis-

puted, the question must contain all the material facts or the opinion is likely to mislead the jury."

Defendant urges, however, that there is a limit to the reasonable application of this general rule. He points out a series of undisputed facts which were omitted in the hypothetical question, making inquiry as to whether the questioning lawyer could ask a question including only one fact and then sit back and force the objecting lawyer to add all of the undisputed facts to complete the hypothetical question which he could think of on the spur of the moment, or waive his objection. An examination of the hypothetical question leaves no doubt but that the plaintiff sought to elicit all of the facts in evidence and there was no attempt to burden the defendant unduly or unnecessarily in furnishing the remaining undisputed facts. We construe this point of the brief in the light of a general objection and a ruling thereon is waived by the failure to point out the facts improperly included in or omitted in such question. Goldberg v. Capitol Freight Lines, 382 Ill 283, 290, 47 NE2d 67.

 Defendant's final contention is that the verdict is excessive for the injuries sustained. Should we adopt the defendant's proof of the activities of the plaintiff after the accident, assuming there were no permanent injuries, it is true that the amount awarded appears excessive. In the light of the testimony of the permanent injuries, the evaluation by the jury should not be disturbed. We do not find that the record reveals that the amount is so excessive as to show passion and prejudice on the part of the jury. Lau v. West Towns Bus Co., 16 Ill2d 442, 452, 453, 158 NE2d 63; Whitford v. Downs, 44 Ill App2d 151, 155, 156, 194 NE2d 553, and Jines v. Greyhound Corp., 46 Ill App2d 364, 379–384, 197 NE2d 58.

We therefore conclude that the verdict and judgment below are correct and the judgment is hereby affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.