Lula E. Allen, Plaintiff-Appellee, v. Gary Pire, Charles E. Johnson, and Rockford Transit Company, Defendants, Gary Pire, Defendant-Appellant.

Gen. No. 68–71.

Second Judicial District.

November 26, 1968.

Knight and Knight, of Rockford, for appellant.

John L. Heaslip, of Rockford, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant, Gary Pire, appeals from a judgment on a jury verdict against him in the amount of $5,000 arising out of a collision between his car and the defendant Rockford Transit Company's bus driven by the defendant Charles E. Johnson. The jury had found defendant Johnson and his employer not guilty. The plaintiff, Lula E. Allen, was a passenger in the bus.

Defendant Pire urges that the court below erred in denying his motion for a directed verdict at the close of all the evidence, and in denying his post-trial motion for judgment notwithstanding the verdict. He asks for a reversal and entry of judgment for the defendant in this court. In the alternative, the defendant claims error in the refusal to grant a new trial to the defendant, claim-

ing that the court below erred in refusing to give certain instructions tendered by him.

The accident took place at the intersection of South Main Street and West State Street in the City of Rockford. At this point South Main Street is 48 feet wide with 3 moving traffic lanes for northbound traffic and 2 parking lanes. State Street at this point is also 48 feet wide. The intersection is controlled by traffic control lights which were in operation at the time of the occurrence. Parking is banned at the east curb of South Main Street for a distance of 4 to 5 car-spaces south from State Street, or a distance of approximately 75 feet back from the traffic control light on the southeast corner of the intersection.

The investigating officers, who arrived at the scene before the bus and the Pire car were moved, testified that the Pire car was partially up on the curb at the southeast corner of the intersection, with approximately six feet of the car protruding out into South Main Street and the front of the car one foot south from the curbline of State Street. The right side of the bus was up against the left front fender of the Pire car, with the front protruding out onto State Street. The point of impact was determined to be one foot to the south of the intersection.

The defendant, Johnson, testified that as he approached this intersection his bus was three-quarters loaded with about thirty-five to forty-five passengers; that as he approached he saw a station wagon at the east curb of South Main Street illegally parked in the first space to the north of the last parking meter on South Main Street; that he pulled the front of his bus over to the east curb in such a position that he was facing northeast with the front of his bus approximately one car length south of State Street; that after he had discharged passengers at the curb, the traffic light changed to green as he pulled from the curb preparatory to making his right turn; that

when he pulled from the curb, he turned to the left in order to get into position to make a right turn, and before turning to the right he had come to a stop for the illegally parked station wagon which had proceeded to the north from his parking space on the right side of the bus. He did not see Pire's automobile until the time of the impact; and that the damage to the bus started a few feet back from the right front door and was approximately eight feet long.

The plaintiff, Lula Allen, was a paying passenger and the only passenger on the bus at the time of the occurrence. When the defendant Johnson saw the station wagon moving, he stopped his bus and opened his door and said "Go on, road hog," and after the station wagon passed he started his turn to the right.

The defendant, Pire, testified that he was in a northbound direction on South Main Street, travelling in the most easterly lane, immediately to the west of the parking lane, as he travelled in the first block south of State Street; that as he approached the intersection with State Street, he turned to the curb lane behind the station wagon and came to a stop at the intersection for a red light; that he did not see any bus as he approached this intersection; that the station wagon and the bus pulled into the intersection at about the same time and he pulled up behind the station wagon, taking the space vacated by it; that the station wagon upon pulling into the intersection, came to a stop allowing pedestrians to cross from the south to the north side of State Street; that the bus pulled approximately ten feet into the intersection before he started to turn; that he was stopped for a period of twenty seconds before the bus pulled up on the left side of his car; that he was then even with the crosswalk with the right side of his car about a foot and a half from the curbing on the east side; that when he saw the bus starting to turn to the right he stopped and started honking his horn. At that time the front of his car was

just across one of the white lines, with the right side about a foot and a half from the curbing on his right; that the right front of the bus came in contact with the left front of his bumper and pushed his car over to the curb and his body was forced up against the left door.

The plaintiff, Lula Allen, testified that the bus pulled up to the curb, discharged passengers and then pulled to the left and out to make a right turn; that she recalled the bus coming to a stop when the station wagon sounded its horn, but did not recall the bus stopping for any traffic control light; after the station wagon made its turn she heard a second horn which sounded very frantic; she heard four sounds and then the impact took place almost instantaneously with the sounding of the horn.

She testified that the bus driver opened the door and said "Go ahead, road hog"; that when she looked to see who he was talking to she saw the tail end of the station wagon about half way in the middle of the next block on State Street. She did not see the Pire car. That at the moment of impact the front end of the bus was about 4 or 5 feet into State Street, headed in a northeasterly direction.

The testimony as to the plaintiff's injuries was not substantially in conflict. At the time of the injury her only complaint was that of an injury to her left elbow for which she saw her doctor later in the day. On the morning following the accident, plaintiff testified that she noticed a numbness in her ear and a burning sensation around it. About nine days later she awoke with a severe pain on the left side of her face extending from the ear to her shoulder and noticed a draining from her ear. She went to a hospital for emergency treatment by her doctor. Subsequently she underwent treatment by doctors until the middle of September 1966, for a total of about nine treatments. Then she went to an eye, ear, nose and throat specialist who referred her to a Dr. Kalweit, a specialist. Dr. Kalweit diagnosed the injury to the ear as a perfora-

tion or hole in the left eardrum and found that there was a slight loss of hearing in this ear. He thereafter performed a tympanoplasty to correct the hole in the left eardrum.

Dr. Kalweit testified that the commonly accepted cause of a punctured or perforated eardrum is an infection, but that, in his opinion, based on a reasonable degree of medical certainty, the injury could have been caused by the accident. The plaintiff was discharged in February of 1968 after a hearing test found her hearing to be within normal limitations.

The total medical expenses incurred by plaintiff were in the amount of $702.65. In addition, she had a loss of employment of about six weeks at $34 per week.

The defendant argues on these facts that there was insufficient evidence in the record to sustain the verdict. The thrust of this argument is that the testimony of the bus driver is unbelievable and related to an impossible state of facts: that the bus could not possibly have pulled up and stopped a car length south from the crosswalk to discharge his passengers at the curb in that the station wagon could not have squeezed alongside of the bus, if the bus had been in the position testified to, and that, therefore, the bus could not have been making a proper right-hand turn. The plaintiff points out that it is equally inconceivable that the bus driver could have driven his bus to the east curb of South Main Street to the north of the first parking meter and still have been able to turn his bus back out into the first northbound lane of traffic and pull up on the left side of the defendant Pire's automobile.

We view this case as one in which two defendant drivers have given conflicting versions of how the accident happened. This dispute in the facts was properly left to the jury. No serious argument has been advanced, nor could it be advanced under the record in this case, that plaintiff was guilty of contributory negli-

gence as a matter of law. Under the facts in the case the trial judge could not say that the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favored the defendant Pire that no contrary verdict based on the evidence could ever stand. Therefore, he committed no error in refusing to direct a verdict at the close of the evidence and in refusing a motion for judgment notwithstanding the verdict. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967).

■■ Nor do we find, on the record, that the verdict and judgment below are against the manifest weight of the evidence. The opposite conclusion from that reached by the jury and the court below is not clearly evident and we will not set aside a verdict merely because the jury could have found differently, or because the court might feel that another conclusion would be more reasonable, when we find that there is, as here, evidentiary basis for the verdict. Lindroth v. Walgreen Co., 407 Ill 121, 135, 94 NE2d 847 (1950) ; Kahn v. James Burton Co., 5 Ill2d 614, 623, 126 NE2d 836 (1955).

Defendant Pire's claim of error in the instructions to the jury is directed principally to plaintiff's instruction number 12, which was given as follows:

> "When I use the expression 'proximate cause,' I mean that cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." (IPI . . . 15.01.)

Defendant argues that only the first sentence of the instruction should have been given under the facts of the case. His objection at the conference was, "the IPI suggests that the full one be given only where the additional one is someone who is not a party. Here everyone

427

who is involved is a party." While defendant cites the committee notes as authority for his position we do not believe that they are. The committee comments state:

> "This instruction in its entirety should be used only when there is evidence of a concurring or contributing cause to the injury or death (other than acts . . . of the plaintiff). In cases where there is no evidence of a concurring or contributing cause, the short version without the bracketed material may be used." (IPI Pocket Parts, page 28.)

Here the jury could have found on the evidence that the negligence of both the bus driver and of the defendant Pire concurred or contributed to cause the injury to the plaintiff. Moreover, the apparent reason for the cautionary note as to the use of the full instruction is that the latter part would be improper because it would prejudice the defendant's defense of contributory negligence. Budovic v. Eschbach, 349 Ill App 163, 167–168, 110 NE2d 477 (1953).

In view of the complete absence of contributory negligence in this case, the only possible causes of the occurrence would have been either separate or concurring conduct of the two drivers as defendants, and we cannot say that this jury was misled by the instruction. While defendant has claimed error in the giving and refusing of certain other instructions, these claims of errors have not been strenuously argued and while we have considered them we find no error in the rulings of the court below in that regard.

We find that the instructions as given and refused have fairly instructed the jury and do not constitute prejudicial or reversible error. Kinsch v. DiVito Const. Co., Inc., 54 Ill App2d 149, 160, 203 NE2d 621 (1964).

Defendant Pire has also claimed that the verdict is excessive. The amount of damages to be assessed is

peculiarly one of fact for the jury, and as the jury was properly instructed as to damages, this court will not substitute its judgment as to the proper amount to be awarded for that of the jury. Redmond v. Huppertz, 71 Ill App2d 254, 261, 217 NE2d 85 (1966).

The judgment appealed from below is affirmed.

Affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.