FRANK J. WALSH, Plaintiff-Appellant, v. LILLIAN FINLEY et al., Defendants—(LILLIAN FINLEY, Defendant-Appellee.)

(No. 53798;

First District—February 10, 1971.

*Rehearing denied March 5, 1971.*

BURMAN, J., dissenting.

Harold L. Ward, of Chicago, (Len M. Ring, of counsel,) for appellant.

Beverly & Pause, of Chicago, (Frank J. Pause, John J. O'Malley, and Dom J. Rizzi, of counsel,) for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This is an action for personal injuries suffered in a four car collision. Plaintiff Frank Walsh was the driver of the second car which was struck from the rear by the third car driven by defendant Lillian Finley. The Finley car was struck from the rear by the fourth car driven by defendant Mary Kelly. The jury returned a verdict for $25,000 in favor of plaintiff against both defendants. The trial judge then granted defendant Finley's motion for judgment notwithstanding the verdict and entered judgment in favor of defendant Finley. Plaintiff appeals from the judgment in favor of defendant Finley. Defendant Mary Kelly does not appeal. The sole issue presented for review is whether the trial court properly granted defendant Finley's motion for judgment notwithstanding the verdict.

The collision occurred on North Avenue, a four lane highway in the western suburbs of Cook County, during the morning rush hour of September 7, 1961. All four of the automobiles involved were westbound. The road surface was dry. Immediately prior to the accident, westbound

traffic came to a halt, with cars backed up bumper to bumper for more than a block.

In describing the accident, Dr. Walsh, driver of the second car, a Cadillac, testified that he stopped about three or four feet behind the Lewis car; that he remained stopped there for one or two minutes before the accident; that he looked in his rear view mirror and saw nothing; that he was then struck from behind; that it was a terrific impact from the rear with a loud noise; that there was another impact from the rear and another loud noise; that these two impacts and loud noises occurred almost simultaneously; that his glasses and hat were knocked off and that he became dazed and bruised.

Mrs. Finley, driver of the third car, a Pontiac, testified that she stopped about two or three feet behind the Walsh car and remained stopped about two or three seconds before anything happened. She stated that she had her foot on the brake and that the Kelly car hit her from the rear; that the impact moved her vehicle into the Walsh car in front of her and that her car, after striking the Walsh car; moved it forward.

Mrs. Kelly, driver of the fourth car, a Rambler station-wagon testified that she stopped three feet behind the Finley car with her car in first gear and her brake down. While she was stopped none of the vehicles in front of her moved. After she was stopped three or four seconds the motor of her car died. She turned the key to start it, but did not have her foot on the clutch when she turned the key. The car was still in first gear. It lurched forward three or four feet and struck the Finley car with mild impact. Mrs. Kelly further testified that she was not pitched about in her car; that she did not see or hear the Finley car strike the Walsh car after she hit the Finley car; and that she did not see or hear the Finley car strike the Walsh car *before* she hit the Finley car.

The damage to the vehicles was as follows: The foremost car, that of Lewis, suffered a damaged rear bumper, which had to be replaced; the second car, that of plaintiff Walsh suffered extensive damage to the front fenders, grille, hood, rear bumper and trunk; the third car, that of defendant Finley, ended up with damage to both the front and rear; the only damage to the fourth car, that of defendant Kelly, was a broken glass on the right front headlight.

Plaintiff's theory of the case against defendant Finley is that Finley (No. 3) struck Walsh (No. 2) before Kelly (No. 4) struck Finley (No. 3). Plaintiff argues that it can be inferred (1) from the testimony of Dr. Walsh that there were two impacts into the back of his car and (2) the physical damage to the vehicles [bumper damage to the heavy Lewis auto, extensive damage to the heavy Walsh and Finley autos and only very slight damage to the light Kelly car] that the true sequence of events

was that only the Lewis and Walsh vehicles (first and second cars) had come to a stop; that the Finley automobile (third car) failed to stop in time and struck the Walsh car with considerable force propelling it into Lewis, and that the Kelly Rambler (fourth car) which was following Finley did not come to a complete stop in sufficient time and mildly touched Finley's car *after* the first collision. Plaintiff contends that the damage to the respective automobiles could not have been the result of a chain reaction initiated solely by a collision between the Kelly and Finley autos.

This contention conflicts with the testimony of defendant Finley that she had stopped behind the Walsh car with her foot on the brake and the testimony of Mary Kelly that she did not see or hear the Finley car strike the Walsh car before she hit the Finley car.

The sole issue presented by this appeal is whether the trial judge was warranted in setting aside the verdict of the jury against defendant Finley. The Illinois Supreme Court in *Pedrick v. Peoria and Eastern R.R.* (1967), 37 Ill.2d 494, 229 N.E.2d 504 set out the applicable rule relating to the entry of judgment *non obstante verdicto* at page 510:

"In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

We are cognizant that the scope of the *Pedrick* rule embraces all of the evidence whereas the scope of the pre-*Pedrick* cases was limited to any evidence standing alone and taken with the intendment most favorable to the party resisting the motion which tended to prove the material elements of such party's case. Applying the *Pedrick* rule to the instant case, the trial court should not have entered a judgment *n.o.v.* since all of the evidence viewed in its aspect most favorable to plaintiff Walsh does not so overwhelmingly favor defendant Finley that no contrary verdict based on that evidence could ever stand. We find that the evidence in this case, consisting of the testimony of the parties and the damage to the respective vehicles, conflicts and presents factual disputes of some substance. See *Pedrick, supra,* 505 and *Allen v. Pire* (1968), 102 Ill.App.2d 421, 242 N.E.2d 450. This was a question of fact for the jury. The jury resolved this conflict in favor of the plaintiff.

Accordingly, we reverse the judgment of the trial court with directions to reinstate the jury verdict.

Reversed and remanded with directions.

DIERINGER, J., concurs.

Mr. JUSTICE BURMAN dissenting:

I am unable to agree with the majority of this Court that the granting of the judgment *n.o.v.* should be reversed. I believe that the judgment *n.o.v.* was properly granted under the dictates of *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, because the evidence so overwhelmingly favored the defendant Mrs. Finley, that no contrary verdict based on that evidence could ever stand.

For almost a block traffic heading west on North Avenue was stopped because of a traffic control. Dr. Walsh, the plaintiff, testified that prior to the accident his car was standing for one or two minutes at a point three or four feet behind a car which was stopped. He looked through his rear window, but he saw nothing before his car was struck from behind by Mrs. Finley's car. He further testified that at the time of impact he had his foot on the brake. Mrs. Finley testified that she had stopped at a point two or three feet behind Walsh's car and that about two or three seconds after she stopped, her car was struck from behind and propelled into Walsh's car even though she had her foot on the brake. Mrs. Kelly testified that she stopped her car at a point three or four feet behind Mrs. Finley's car which was not then moving. Her car remained standing for three or four seconds, during which time none of the cars in front of her moved. Her motor then died, and when she turned the key to start the car, it lurched foreward and struck Mrs. Finley's car. She explained that her car just "jumped" into Mrs. Finley's car. She further testified that she heard no impact or crash prior to the time that she struck Mrs. Finley's car.

In order for the plaintiff, Dr. Walsh, to recover from the defendant, Mrs. Finley, he must prove by a preponderance of the direct and circumstantial evidence that she operated her vehicle negligently. Mrs. Finley testified that prior to the accident her car had come to a full stop, and that after her car was struck from behind, it was pushed into Walsh's car. Mrs. Kelly corroborated Mrs. Finley's testimony that the Finley car was stopped prior to the accident. This direct and positive evidence is uncontradicted. Plaintiff argues that this testimony was refuted (1) by the fact that Walsh felt and heard two crashes and (2) by the fact that Mrs. Kelly's car sustained relatively minor damage in comparison to the damage sustained by the other cars. Direct and positive testimony may be refuted by circumstantial evidence, (*Lobravico v. Checker Taxi Co.*, 84 Ill.App.2d 20, 228 N.E.2d 196), but the circumstantial evidence must be of such a nature and so related that the refutation of the direct and positive testimony is the only reasonable conclusion to be drawn from the circumstantial evidence. (See *Anderson v. Chicago R. E. & P. Ry. Co.*, 243 Ill.App. 337, 18 I.L.P. Evidence § 342.) It is reasonable to infer

from the circumstantial evidence two inconsistent conclusions, *i.e.*, (1) that the plaintiff's theory is correct or (2) that the defendant's corroborated testimony is true. A finding of negligence, however, cannot be based upon guess, conjecture, or speculation. (*Huff v. Illinois Central R.R. Co.*, 362 Ill. 95, 199 N.E. 116.) Consequently, I believe that the circumstantial evidence was insufficient to refute the direct and positive testimony of Mrs. Finley and Mrs. Kelly. The evidence viewed most favorably to the plaintiff, so overwhelmingly favors Mrs. Finley that no contrary verdict based on the evidence could ever stand.