## Commonwealth *v.* Champagne, Appellant.

334

*Mike Hanford*, Assistant Defender, with him *Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Maxine J. Stotland*, Assistant District Attorney, with her *Milton M. Stein*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

The question before us on appeal is whether a nine-year old prosecutrix was competent to testify in a criminal case resulting in the conviction of appellant on charges of sodomy, indecent assault and battery, and corrupting the morals of a minor.

On June 4, 1971, Denise Mason, nine years of age, was playing in her backyard when her 38-year old neighbor, Richard Champagne, allegedly pulled Denise into his house and committed sodomy upon her. After being released, the victim went home and complained of a "sore bottom". She did not tell her grandmother, with whom she lived, what had happened. The next

evening, police saw appellant and the child in a playground where officers observed that appellant was struggling with the child trying to kiss and hug her. Thereafter, police escorted Denise and appellant to the child's home, where after brief questioning, the child told them of her ordeal.

At the trial, the Honorable James T. McDermott of the Common Pleas Court of Philadelphia questioned the child extensively with respect to her understanding of the meaning of the oath. Judge McDermott determined that the minor child was competent to testify, saying that she met the three-pronged test set forth in *Commonwealth v. Rimmel*, 221 Pa. Superior Ct. 84, 289 A. 2d 116 (1972). Our Court stated at p. 86 of its opinion: "There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that she is called to testify about and (3) a consciousness of the duty to speak the truth." (Emphasis in original.)

We have reviewed the record and believe that the trial judge was correct in concluding that the minor child was competent to testify. While some of the child's answers appear somewhat unresponsive, these appear primarily on cross-examination when the child was understandably nervous and tense. The aura of the courtroom unsettles even the most mature members of our adult community. Certainly, in light of the circumstances of the crime and the age and inexperience of the child, some confusion is to be anticipated. On the whole, however, we believe the child's answers demonstrated the capacity to observe, remember and communicate in an effective and clear fashion. The evidence was sufficient to sustain the conviction.

Judgment of sentence is affirmed.