## Commonwealth v. Allen

*Allen E. Ertel,* District Attorney, for Commonwealth.

*John P. Campana,* for defendant.

GREEVY, P. J., May 6, 1974.—After a trial by jury, defendant, Charles L. Allen, was found guilty of assault with intent to ravish and of corrupting the morals of a minor.

Defendant filed motions for a new trial and in arrest of judgment.

As grounds for his motion for a new trial, defendant sets forth the following reasons:

"1. Your Honorable Court erred in permitting the testimony of Carol Williams, because the said Carol Williams was incompetent to testify.

"2. Your Honorable Court erred in conducting its oral examination of the minor witnesses in the presence of the jury.

"3. Your Honorable Court erred in instructing the jury that the common law age of consent is ten (10) years.

"4. The District Attorney introduced a collateral matter which prejudiced your Defendant, when he attempted to ask the witness Sandy Morgrit questions concerning acts of sexual intercourse between her and the defendant.

"5. The District Attorney erred in his closing remarks to the jury, when he inferred that it was a licentious relationship between the Defendant and Sandy Morgrit, and also when he inferred to the jury that they were the voice and conscience of society and of the Commonwealth."

Defendant requested leave to file additional reasons after the testimony was transcribed, but none were filed

Defendant's first contention deals with the competency to testify of a child nine years of age. With respect to the question of competency of a witness of tender years, we are mindful that much must be left to the discretion of the trial judge: Commonwealth v. Allabaugh, 162 Pa. Superior Ct. 490 (1948). Within this discretion is the determination of a child witness's consciousness of the duty to speak the truth. Rosche v. McCoy, 397 Pa. 615, 620-21 (1959). Defendant asks that we scrutinize the trial court's ruling on this qualification to testify.

At trial, when the minor witness was called, she was interrogated extensively upon her understanding of an oath. Although the witness did not know the meaning of an "oath," as such, she stated that she went to Sunday School or church, that she knew she had to tell the truth and that she believed in God. The witness further related that she knew what it meant to tell the truth and that she would be punished if she did not tell

the truth. In response to the court's question. "Do you believe God would punish you?", the child answered "Yes".

At this point, the court stated that the witness would be allowed to take the oath. Defense counsel objected and at side bar contended that when the witness said she would be punished, she did not satisfactorily explain who would punish her. Thereafter, the following colloquy between the court and the child, took place:

*By the Court to Carol Williams:*

"Q. Carol, can you remember what happened a year ago?

"A. Yes.

"Q. Now, I asked you if you understood or knew what it meant to take an oath, now you didn't know what the word "oath" was, and I tried to explain to you where you swear to God you will tell the truth, where you swear to God not to lie, do you know what it means now to take an oath to tell the truth and not to lie?

"A. (No Response).

"Q. Or don't you understand what I am trying to
. . . .
"A. No.

"Q. Do you know what it means not to lie?

"A. (No Response).

"Q. You know what it means to lie?

"A. Yes.

"Q. That is not telling the truth?

"A. Yes.

"Q. Do you know what would happen if you do lie?

"A. Yes.

"Q. What would happen?

"A. You would be punished.

"Q. By whom?

"A. By God.

"Q. I am going to approve the oath. Would you raise your right hand, Miss? Do you swear that what you will tell us here in the Court Room will be the truth, and not a lie, so help you God?

"A. I do."

Defendant asserts that the competency issue in this case is controlled by Commonwealth v. Rimmel, 221 Pa. Superior Ct. 84 (1972). We do not agree.

In Rimmel, the minor witnesses responded to the court's inquiries by stating only that they would be "beaten," or "hollered at," or "punished" if they told a lie. The court, there correctly held that this examination showed no comprehension of the purpose of an oath and the Divine punishment it implied, In the instant case, however, we have the cognizance on the part of the child that there is Divine punishment somewhere in store for false swearing.

The trial judge in whose discretion the matter very largely rested was satisfied of the competency of the child to testify, and we are of the opinion that the discretion was well exercised. Commonwealth v. Champagne, 224 Pa. Superior Ct. 333 (1973).

As to defendant's contention that the voir dire examination of the minor witness should have been conducted out of the jury's presence, we have found no case or statute requiring that procedure. We are aware that this procedure has been used in some instances: Commonwealth v. Rimmel, supra; Rosche v. McCoy, supra.

Where to conduct the voir dire examination is a matter left to the discretion of the trial court. See Whitford v. Downs 44 Ill. App. 2d 151, 194 N. E.2d 553, (1963), where the court held that examination in the jury's presence, of the competency of an eight-year old girl to determine if she had sufficient understanding

of the oath and obligation to speak the truth, was not an abuse of the trial court's discretion since the jury was given an opportunity to consider the witness's understanding of the nature and obligation of the oath in determining her credibility. We agree with this holding.

Examination in the jury's presence in the instant case could have aided defendant; it could not have harmed him. Accordingly, we find that the court committed no error in conducting the voir dire examination of the child in the jury's presence.

Defendant's third reason for his motion for a new trial alleges that the trial court erred in instructing the jury that the common-law age of consent is ten years. Contrary, however, to defendant's allegation, are the decisions of numerous Pennsylvania courts wherein the common-law age of consent has been stated as ten years: Commonwealth v. Exler, 243 Pa. 155 (1914); Commonwealth v. Miller, 80 Pa. Superior Ct. 309 (1923); Commonwealth ex rel. v. Sherman, 72 D. & C. 66 (1950); Commonwealth v. Montgomery, 66 D. & C. 246 (1948); Commonwealth v. Hunter, 81 Pitts. L. J. 333 (1933). Accordingly, we find defendant's assertion of error to be unfounded and without merit.

Defendant's last two contentions, both of which concern remarks by the district attorney, will be discussed together.

With respect to this tupe of allegation of error "[i]n Pennsylvania, the law is clear that a new trial is not warranted unless the alleged offending language's unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict. [citations omitted]": Commonwealth v. Simon, 432 Pa. 386 (1968).

After careful consideration, we do not find anything so crucial or devastating about the district attorney's remarks or questions, to raise them to that level of error so prejudicial as to necessitate a new trial. We are convinced beyond a reasonable doubt that the conduct of the district attorney complained of did not result in an unfair trial or prevent the jury from weighing the issues in an objective manner.

We next consider the motion in arrest of judgment.

Motions in arrest of judgment are limited to errors appearing on the face of the record or the sufficiency of the evidence to sustain the charge: Act of June 15, 1951, P. L. 585, sec. 1, 19 PS §871. Defendant does not aver that there is an insufficiency of the evidence, but only that the court erred in instructing the jury on the common law age of consent.

Having. considered the same allegation under defendant's motion for a new trial and having concluded that the court's charge was correct, we find no merit to his motion in arrest of judgment.

On the basis of the foregoing we make the following

### ORDER

And now, May 6, 1974, defendant's motion for a new trial is hereby denied and the motion in arrest of judgment is refused.

Defendant is ordered to appear for sentencing at 1:30 p.m. on June 7, 1974, in Courtroom No. 1, Lycoming County Courthouse.

It is further ordered and directed, that the Pennsylvania Department of Probation and Parole conduct a presentence investigation within 30 days.