The Chicago, Burlington and Quincy Railroad Co.

*v.*

Anna M. Gunderson, Admx.

*Opinion filed October 24, 1898.*

1. Evidence—*action for wrongful death—sufficiency of evidence.* Evidence that the deceased was seen at the only public crossing in the village, waiting for a freight train going east to pass, that the engine of a train going west on another track passed the caboose of the freight near the crossing at a rate of speed prohibited by ordinance, and that the body of the deceased, marked and bruised, was found half an hour later about eighty feet west of the crossing, no other train having passed in the meantime, tends to show that deceased was on the crossing and was there struck by the engine so running at unlawful speed.

2. Same—*due care need not be proved by direct evidence.* Proof that the deceased was careful, sober, industrious, in good health, and so situated that it is fairly inferable that the instinct of self-preser-

vation was as strong in him as in other men, may be considered by the jury in determining whether he used due care, and in the absence of eye-witnesses to the accident proof of such circumstances legally tends to prove that fact.

3. SAME—*witnesses need not be experts to testify as to the rate of speed.* Witnesses who are familiar with trains are competent to testify as to the rate of speed at which a certain train was running when observed by them.

4. NEGLIGENCE—*question of due care is ordinarily one of fact for the jury.* Whether the deceased was exercising due care for his safety is ordinarily a question of fact for the jury, to be determined from all the facts and circumstances in evidence; and it is not error to refuse instructions stating that it was the duty of the deceased to do certain things and that the omission thereof would constitute negligence.

5. DAMAGES—*lineal kindred entitled to nominal damages without proof of loss of support.* Under the statute relating to actions for wrongful death, lineal kindred of the deceased are entitled to at least nominal damages without proof of loss of support.

*C., B. & Q. R. R. Co.* v. *Gunderson,* 74 Ill. App. 356, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

SAMUEL RICHOLSON, for appellant.

HENRY W. JOHNSON, and MCDOUGALL & CHAPMAN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The judgment in this case was obtained for damages for the benefit of the widow and children of appellee's intestate, whose death was alleged to have been caused by the negligence of the appellant in the operation of its passenger train known as "Second 55," at the incorporated village of Leland. The errors assigned here relate to the sufficiency of the evidence as tending to support the verdict, and the rulings and holdings of the court below on the evidence and instructions.

It is said the evidence does not tend to show that the deceased was struck *at the crossing* in the village by the said train, or that he was using due care, or that the appellant was negligent, as alleged in the declaration. The law is, with reference to such findings of facts, that if there is evidence legally tending to sustain the issues in plaintiff's behalf these errors are not well assigned in this court. *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242, and cases cited; *Illinois Central Railroad Co.* v. *Nowicki,* 148 id. 29.

The evidence has been carefully examined, and the conclusion reached is adverse to the appellant's claim. While no person saw the accident, yet the evidence is that deceased was seen at the only public crossing in the village about eight o'clock in the evening, waiting for a long freight train that was rapidly going east, to pass by, so that he could proceed on his way to his home; that the appellant's road was double-tracked, and the engine of this Second 55 train going west passed the caboose of the freight train at about that point, at a speed of at least thirty miles an hour, in violation of a village ordinance duly adopted and properly admitted in evidence, and that no other train passed over the road before the dead body was found, near eighty feet west of the crossing, about one-half hour thereafter, with marks and bruises clearly indicating that death was caused by the collision. There is no evidence to show the body was in a state of *rigor mortis,* as claimed. The conclusion from this state of facts reasonably follows that the deceased was on that crossing and was struck there by that engine, which was being operated at an unlawful rate of speed.

Whether the deceased exercised due care under all the facts and circumstances shown by the evidence was a fact to be determined by the jury, within the limitations of the law. It is not the law that such fact must be proven by direct evidence. (*Baltimore and Ohio Southwestern Railroad Co.* v. *Then,* 159 Ill. 535.) Some of the circumstances as shown by the evidence are, that the

174—32

deceased, at the time of the accident, was waiting for the freight train to pass by, and naturally his attention would be somewhat attracted by it, as he was momentarily expecting to move on. There is evidence tending to show that from the north side of the track he could not see very far to the east; also evidence tending to show no signal was given of the approach of the train. There is no evidence that he knew this extra train was running at that time, or that it ran with such speed through the village. In view of this condition of things, even if he had previously been looking for the approach of a train from the east, had his mind been diverted therefrom for but a few moments, with the rate of speed at which the train was running, if without signals, it would have been on him unawares, especially as the long freight train, in moving right near him at a speed of from twelve to fifteen miles an hour, would necessarily make considerable noise. As is held in the *Then case, supra,* he had a right also to rely upon the performance of the duty imposed upon the defendant by the village ordinances, to warn him of the approach of the train by continuously ringing the bell upon the engine, and not to run the said train faster than ten miles per hour within the village. In addition to these circumstances there is full proof that he was a steady, sober and industrious man, in good health, and so situated that it is fairly inferable the instinct of self-preservation was as strong in him as in other men, which facts, of themselves, may be considered on the question whether he exercised due care, and legally tend to prove the fact. See *Nowicki case, supra,* which in its main features is much like this case.

Complaint is made that it was improper to admit evidence that the flagman was absent at the time of the accident; to prove how much this crossing was used; to admit evidence of the speed of the train to be given by persons not experienced, etc. The company kept a flagman at the crossing from seven o'clock A. M. to six o'clock

P. M., but had none at the time of the accident.    It was the only public crossing in the village.    There was proof as to the extent of its use.    Trains ran through at the usual speed between stations.    These were facts proper to be submitted to the jury on the question of negligence. Those who testified to the speed were familiar with trains and were competent to testify.    It was not a matter for expert evidence.    The evidence offered by defendant as to the condition of the shoemaker business at Ottawa was not competent, and no error was committed in rejecting such evidence.

No error was committed in the instructions given for plaintiff.    They do not assume, as stated, that the deceased exercised due care, or that he was killed by the passenger train at the crossing.    They submit these facts for the determination of the jury.    Neither was there error in the instructions relating to the measure of damages, or the right of the widow and children to damages on the hypothesis presented.    The right of *lineal kindred* to at least nominal damages, without proof of support, is given by the statute where death is caused by negligence.    There must be proof of damages as to collateral kindred.    (*City of Chicago* v. *Scholten*, 75 Ill. 468; *Chicago and Northwestern Railroad Co.* v. *Swett*, 45 id. 197; *North Chicago Street Railroad Co.* v. *Brodie*, 156 id. 317.)    The instructions properly limited the damages to the pecuniary loss sustained by such death.    There is no other reasonable interpretation to be given them.

There was no error in refusing instructions asked by defendant.    It is not proper to tell the jury what acts or omissions will constitute negligence, that it was the duty of the deceased to have looked and listened, etc.

There being no substantial error in the record the judgment is affirmed.                                                *Judgment affirmed.*