The Illinois Central Railroad Company

*v.*

Jennie Prickett, Admx.

*Opinion filed June 23, 1904.*

1. Evidence—*when proof of reputation is competent upon the question of due care.* Proof that plaintiff's intestate, who was killed by the explosion of the boiler of the locomotive he was running, had the reputation of being a careful and competent engineer and a sober man is competent upon the question of ordinary care, where there are no living witnesses as to what was done by him just prior to the explosion.

2. Same—*non-expert witnesses may testify whether breaks in bolts appeared new or old.* Non-expert witnesses, in an action for damages caused by a boiler explosion, may be allowed to testify whether or not breaks in the stay-bolts of the boiler had the appearance of old or new breaks, in connection with the facts, so far as they can be described in words, on which their conclusions are based.

3. Same—*admissibility of age and mileage of exploded locomotive.* As tending to support the plaintiff's allegation that the locomotive which exploded was in an unsafe condition and repair and the boiler thereof deficient in strength, it is proper to allow proof as

to when the locomotive was built, the mileage it had made and that it had once been in a collision.

4. SAME—*when objection to evidence must be specific.* An objection that evidence is variant from the pleadings, or that the inquiry, on cross-examination, is not within the limits of the examination in chief, must specifically point out the ground of the objection.

5. SAME—*what is proper cross-examination as to testing for broken stay-bolts.* If a witness has stated in chief that there is no way of determining whether stay-bolts are cracked without taking the engine to pieces, it is proper, on cross-examination, to show that if hollow stay-bolts were used, cracks therein could be detected by leakage of water and steam.

6. DAMAGES—*fact that widow and next of kin are entitled to life insurance money is immaterial.* The receipt of mortuary benefits by the widow and next of kin upon the life of the deceased, from a source wholly independent of defendant railroad company, is not ground for abatement of the pecuniary loss to the widow and next of kin occasioned by the death of the deceased.

*Illinois Central Railroad Co.* v. *Prickett,* 109 Ill. App. 468, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. W. M. FARMER, Judge, presiding.

W. W. BARR, (J. M. DICKINSON, of counsel,) for appellant.

JOHN J. BUNDY, (F. F. NOLEMAN, and W. F. BUNDY, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

A judgment in the sum of $4000 in favor of the appellee administratrix, entered in the circuit court of Marion county, against the appellant company, was affirmed by the Appellate Court for the Fourth District on appeal, and this judgment is before us for review by the further appeal of the appellant company.

Thomas J. Prickett, appellee's intestate, was a locomotive engineer in the employ of the appellant company. On the morning of the 17th day of May, 1900, he left Cen-

tralia, going south, on locomotive engine No. 915, which was drawing a passenger train. When approaching the station at DuBois, about twenty miles south of Centralia, with slackening speed preparatory to stopping at such station, the boiler of the locomotive engine suddenly exploded with great violence, causing the death of the engineer, Prickett, and of the fireman of the locomotive, and injuring a section hand who was standing by the side of the track.

In proper order the alleged errors of the court in its rulings as to the admission and exclusion of evidence present themselves for consideration.

The court allowed testimony to be produced to show the deceased had the reputation of a careful and competent engineer and of a sober man. Whether the explosion was occasioned by any lack of ordinary care on the part of the deceased was at issue. It was incumbent on the plaintiff to maintain the negative of that contention. That the decedent exercised ordinary care was susceptible of circumstantial proof,—that is, it might be inferred from facts and circumstances appearing in the proof. (*Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 174 Ill. 495; *Chicago and Eastern Illinois Railroad Co.* v. *Beaver,* 199 id. 34.) No one other than the fireman was in the cab of the engine or so situated as to be able to see the acts and conduct of the deceased engineer. The fireman was also killed by the explosion. The exploding engine was seen by other witnesses, but they could not see what the deceased did at the time of and immediately before the explosion occurred. Such being the fact, we think the court properly regarded the evidence as to the general reputation of the deceased as a careful and competent engineer and a sober man to be admissible as testimony tending to establish that he exercised ordinary care on the occasion under investigation. *Illinois Central Railroad Co.* v. *Nowicki,* 148 Ill. 29; *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson, supra.*

The court did not err in permitting non-expert witnesses to testify that the breaks and cracks in the broken stay-bolts of the boiler of the exploded engine had the appearance of being old or new breaks or cracks. Whether a break or crack in a stay-bolt was old or new was indicated by the appearance of the broken or cracked portions of the bolts. This could not be produced so palpably to the jurors as it was observed by the witnesses, in any other manner than by stating the appearance of such broken or cracked portions of the bolts and denominating the appearance as old or new. Such conclusions, stated in connection with the facts on which they were based, so far as such facts could be reproduced in words, were competent. *West Chicago Street Railway Co.* v. *Fishman*, 169 Ill. 196; 12 Am. & Eng. Ency. of Law,—2d ed.—488, 489.

Nor was it error to permit the introduction of proof to show when the locomotive was built, or that it had during its years of service run over half a million miles, or that in 1896 it collided with another engine. This evidence tended to aid the jury in determining the cause of the explosion and in determining whether the appellant company exercised the requisite degree of care and vigilance in the matter of inspecting and repairing the locomotive engine. The declaration charged the appellant company negligently furnished to the decedent, to be operated by him, an engine which "was in an unsafe condition and repair, and the boiler of which was composed of materials that were deficient in strength and not capable of standing the strain," etc., and this testimony tended to support this allegation.

It was competent for the appellant company to prove the general custom of well regulated and prudently managed railroad companies with reference to the time and manner of making inspections of their engines and boilers. The objection was therefore properly sustained

to the question propounded by appellant's counsel, viz.: "What was the usual time of railroad companies for inspecting engines?" The inquiry should have been limited to the custom of well regulated and prudently managed companies. Aside from this, the witness to whom the question was sought to be propounded, in response to other interrogatories, was permitted to testify as to the custom adopted by the appellant company and two other railroad companies,—presumably all the companies as to the customs whereof he had knowledge, as he was not again restricted in anywise by court or counsel.

It was immaterial whether the widow and next of kin of the deceased engineer had been paid or were entitled to receive any sum of money as beneficiaries in a policy of insurance on the life of the husband and father. Any such mortuary benefit would accrue from a collateral source wholly independent of the appellant company, and would present no ground for an abatement of the pecuniary loss occasioned by the death of the appellee's intestate to his widow and next of kin. *Pittsburg, Cincinnati and St. Louis Railway Co.* v. *Thompson,* 56 Ill. 138; 1 Sutherland on Damages, sec. 158.

During the cross-examination of W. H. Rosing, assistant superintendent of machinery of the appellant company, witness was, over the objection of the appellant company, permitted to state, "The only sure preventive of accidents from stay-bolts is to have hollow stay-bolts, or solid ones drilled from the outside, to cause leakage when fracture takes place." It is argued this ruling was error for two reasons: First, because, it is alleged, it was not germane to anything testified to by the witness in his examination in chief; and second, the inquiry was not proper because, as it is alleged, there was no averment in the declaration that the stay-bolts had been improperly constructed. A sufficient answer to each of these grounds of complaint is that the objection was general, and hence only questioned the materiality

and pertinency of the evidence. The objection that evidence is variant from the pleading, or that the inquiry, on cross-examination, is not within the limits of the examination in chief, must specifically point out the particular ground of objection. (*St. Clair County Benevolent Society* v. *Fietsam*, 97 Ill. 474; *City of Joliet* v. *Johnson*, 177 id. 178; *Wrisley Co.* v. *Burke*, 203 id. 250.) Moreover, we think the question was proper cross-examination of the witness. In his examination in chief he had stated that there was no way of determining whether the stay-bolts of an engine had become cracked without taking the engine to pieces. The matter brought out on cross-examination tended to show that if stay-bolts that were hollow, or solid ones with holes drilled in them, were used, any crack or break in such bolts would admit the water and steam into the hollow or drilled hole, and the consequent leakage would disclose the injury to the stay-bolt. The means or method of discovering that the stay-bolts of the boiler had been cracked or broken was important to be known, as bearing upon the question of the exercise of reasonable care on the part of the appellant company and also on the part of the engineer.

It was not error to overrule the motion presented by the appellant company for an instruction directing a peremptory verdict in its behalf. The grounds of the motion were, that the evidence failed to show the explosion was occasioned by any negligence or omission of duty on the part of the appellant company, and that the evidence left the cause of the explosion unknown and only a matter of conjecture or surmise. The case of *Illinois Central Railroad Co.* v. *Behrens*, 208 Ill. 20, was an action on the case by the appellee in that case to recover damages for injuries inflicted on his person by the same explosion. Behrens was the section hand who, as hereinbefore mentioned, was injured by the explosion. In this case the evidence disclosed the same material facts as were proven in that case, and also other pertinent facts not appearing

210—10

in that record. In disposing of the question presented in that case whether the evidence warranted the submission of the case to the jury, we set out and discussed the proofs in detail and at considerable length, and found that it fairly tended to charge the appellant company with such negligence and omission of duty as to make it a question of fact for the decision of the jury. The repetition of that discussion in this opinion would greatly lengthen the opinion and is wholly unnecessary. The evidence in this case tended to show that the cause of the explosion was the negligence of the company, and that the decedent exercised ordinary care and skill in the management and operation of the engine. The case was properly submitted to the jury.

The objections desired to be presented in this court to instruction No. 1 given at the request of the appellee were not raised in the Appellate Court and cannot be considered here. It appears that a portion of this instruction was inadvertently omitted in the printed abstract in the Appellate Court and that the criticism advanced in that court was based upon the absence of the omitted phrase, counsel for the appellant company believing the instruction to be correctly printed. The criticisms sought to be raised in this court are said to be directed against the instruction as given. Counsel for appellee say the error which crept into the abstract of the instruction in the Appellate Court has not been corrected in the printed abstract filed by the appellant company in this court, and substantiate this assertion by filing an additional abstract showing the instruction as given. The unintentional error in the abstract in the Appellate Court has been inadvertently repeated in the abstract printed for this court. The action of the court in giving this instruction cannot be regarded as before us for review.

Instruction No. 2 given at the request of the appellee advised the jury as to the elements and proper measure

of damages if, (to quote from the introductory phrase thereof,) "under the evidence in this case and the instructions of the court, you find the defendant guilty." It is insisted the jury were by the introductory phrase authorized to "predicate a finding upon and from the instructions," and that the instruction is so framed in other respects as to authorize the jury to consider the anguish and bereavement of the widow and next of kin as an element of damages. It was the duty of the jury, in deliberating as to their verdict, to consider the evidence and the law as given to them in the instructions, and the opening phrase of the instruction is but a recognition of that duty. We do not think the instruction could have been misunderstood by the jury to authorize the allowance of damages for any other than the pecuniary loss resulting from the death of the appellee's intestate.

It was not error to refuse to give appellant's instruction No. 12. It read as follows:

"The jury are further instructed that before the plaintiff can recover in this case she must prove what was the cause of the explosion that killed her husband and that the said explosion was caused by the negligence of the defendant, and unless she proves both of said propositions by a preponderance of the evidence you should find the defendant not guilty."

We think this instruction, so far as it states the correct principle, is but a repetition of what was distinctly and more properly said to the jury in appellant's instructions Nos. 1, 6, 9 and 10. Instruction 1 was as follows:

"The court further instructs the jury that the burden rests on the plaintiff to prove, by a preponderance of the evidence in this case, not only what caused the injury to the plaintiff's intestate, but that the injury to the plaintiff's intestate resulted from the negligence of the defendant in some one of the ways as charged in the plaintiff's declaration, and unless the plaintiff has proved both of the above mentioned propositions by a prepon-

derance of all the evidence in this case you should find the issues for the defendant."

Instruction No. 6, asked and given for appellant, was as follows:

"The jury are further instructed that if the evidence in this case fails to disclose what was the cause of the explosion of the boiler of the locomotive, which explosion caused the death of Thomas J. Prickett, and if, from a careful consideration of all the evidence in this case, the cause of such explosion is unknown, and if the plaintiff fails to prove, by a preponderance of the evidence, that the defendant was negligent as is charged in the plaintiff's declaration, then the plaintiff cannot recover in this case, and you should find the issues for the defendant."

Instruction No. 9 distinctly charged the jury that the burden of proof was upon the appellee to show that the explosion occurred by reason of the unsafe condition and weakness of the boiler of the engine, and that the appellant company was guilty of negligence in failing to discover and remedy the defects and weaknesses therein. And instruction No. 10 given at the request of the appellant company told the jury there could be no recovery if the explosion resulted from some unknown cause.

Instructions Nos. 5, 7, 8 and 10 asked by the appellant company were modified by the court. Instruction No. 5 as asked advised the jury the appellant company was not to be held liable as an insurer against the dangers which attend the operation of locomotive engines, and it was so modified as to instruct that the appellant company was not liable as insurer against the dangers which "were ordinarily incident to the service," leaving it to be inferred, as counsel contend, that the company would be liable as insurer for other dangers than such as were ordinary and incident to the employment; and No. 7 was so modified as to omit the charge contained in it, as written, that there was no presumption that the

explosion was caused by defects in the boiler rather than from the negligent acts of the engineer. The jury were repeatedly and distinctly told in other instructions given at the request of the appellant company, as is hereinbefore shown, that it was incumbent on the plaintiff to prove, by a preponderance of the evidence, the cause of the death of appellee's intestate, and to disclose by proof what was the cause of the explosion of the boiler of the locomotive, and that if, after a careful consideration of all of the evidence, the cause of the explosion was unknown or the alleged negligence of the appellant company not shown there could be no recovery. Under these instructions the jury could not fail to understand that no presumptions as to the cause of the explosion could be indulged in, and that no liability as insurer could by any possibility attach to the company. Therefore the modifications could not have prejudiced the cause of the appellant company.

The court so modified instruction No. 8 as to advise the jury that the dangers and risks assumed by the deceased were such "as were ordinarily incident to his employment," and modified instruction No. 10 by striking therefrom a phrase stating that the deceased assumed such ordinary risks of the service. The phrase was properly added to instruction No. 8, though it was unnecessary, being but a repetition of the same doctrine announced in the opening clause of the same instruction as framed by counsel for the appellant company. The rule that the appellee's intestate assumed the ordinary risks incident to his employment was fully and clearly stated to the jury, and no possible injury to the appellant's cause could have resulted from the modification of instruction No. 10.

We find no error of reversible character in the record, and the judgment must be and is affirmed.

*Judgment affirmed.*