## Thomas Davidson, Appellee, v. M. H. Loomis, Appellant.

### Gen. No. 38,324.

516

Opinion filed November 20, 1935.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellant; CHESTER D. KERN, of Chicago, of counsel.

V. RUSSELL DONAGHY and LEO G. HANA, both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the superior court granting a new trial. The cause of action was brought by Thomas Davidson against M. H. Loomis for injuries claimed to have been sustained by the plaintiff when struck by an automobile being operated by the defendant near the corner of Western and Carmen avenues in the City of Chicago on August 27, 1933. A verdict was returned in favor of the defendant and thereafter a motion was filed by the plaintiff asking for a new trial, which after a hearing was granted.

The declaration filed consisted of four counts. The first count alleges, "the negligent operation by the defendant of his automobile, resulting in injury to the plaintiff while in the exercise of ordinary care for his own safety . . . "; the second count was withdrawn by counsel for plaintiff on the trial; the third count alleges the "operation of the automobile through a closely built up business district of the City of Chicago at a speed in excess of fifteen miles per hour in violation of the statute"; and the fourth count alleges "negligent operation of the automobile without having given any reasonable warning of its approach and without having used every reasonable precaution to

avoid injury to plaintiff, and without stopping said motor vehicle until it could safely proceed, upon approaching a person walking *along a public highway* contrary to the provisions of the Statute."

Much evidence was heard on the question of the alleged negligence of the defendant as well as the contributory negligence of the plaintiff. The claimed injuries to plaintiff as a result of the accident consisted of a fracture of his left leg, which resulted in a shortening thereof, and other body bruises and it is alleged the injuries are permanent. On behalf of defendant evidence was heard that the car was operated carefully; that it was not going at excessive speed; that the brakes were in good condition and that the accident was caused by the plaintiff suddenly running in front of the automobile.

The contention of the defendant is that the verdict is not against the manifest weight of the evidence and that no prejudicial evidence was introduced. The contention of the plaintiff is that the verdict was against the manifest weight of the evidence and that the court did admit incompetent and prejudicial evidence.

We will consider the points in reverse order as to whether or not the court admitted incompetent and prejudicial evidence. During the trial, upon cross-examination of plaintiff by counsel for defendant, the following occurred:

"Q. Now, the Travelers Insurance Company paid your hospital and doctor bills, didn't they?

"A. Yes.

"Q. All of them? A. Yes, they did.

"Q. And you returned to work when? A. I returned to work on the 26th of February, 1935.

"Q. And you have been working every day since? A. I have, yes, sir.

"Mr. Hana: Just a minute. Step up here, Mr. Costello. What insurance are you talking about, in-

surance that was carried by the plaintiff or carried by the defendant?

"Mr. Costello: Insurance carried by the plaintiff, the Travelers Insurance Company.

"Mr. Hana: The plaintiff was not carrying insurance for the benefit of the defendant.

"Mr. Costello: I object to this remark.

"Mr. Hana: May I have a ruling on my objection?

"The Court: You are a little late with your objection. The witness has already answered. Overruled.

"Mr. Hana: Your Honor, I am objecting now because this is the first time that I have discovered that he is talking about insurance that was carried by the plaintiff. I thought he was talking about insurance carried by the defendant. I move the answer be stricken.

"The Court: Overruled."

It was claimed that the admission of this evidence was error.

In the case of *Pittsburg, C. & St. L. Ry. Co. v. Thompson,* 56 Ill. 138, which was an action on the case brought by Thompson against the railroad company, to recover for damages sustained by plaintiff while a passenger on the road of the defendants, the court in speaking of a situation similar to the one before us, where the plaintiff was insured against accident and was paid by the insurance company on account of the injury said: "If such sum was paid, it was not *pro tanto* a discharge of the railway company. The primary liability was on this company."

In *Illinois Cent. R. Co. v. Prickett,* 210 Ill. 140, the court at page 144, in commenting upon the right of the defendant to have insurance accruing to the widow and next of kin considered in mitigation of plaintiff's damages, stated:

"It was immaterial whether the widow and next of kin of the deceased engineer had been paid or were en-

titled to receive any sum of money as beneficiaries in a policy of insurance on the life of the husband and father. Any such mortuary benefit would accrue from a collateral source wholly independent of the appellant company, and would present no ground for an abatement of the pecuniary loss occasioned by the death of the appellee's intestate to his widow and next of kin. *Pittsburg, Cincinnati and St. Louis Railway Co. v. Thompson,* 56 Ill. 138; 1 Sutherland on Damages, sec. 158.''

The calling of the attention of the jury to the fact that the plaintiff carried accident insurance and giving the name of the insurance company was prejudicial error. It had no place in the lawsuit. Defendant was not entitled to reduce his damages because of any insurance which the plaintiff might have had and defendant cannot excuse himself now by saying that the jury was not influenced thereby. It may well be that the jury formed the opinion that the hospital bills and doctor's bills having been paid by the insurance company, the plaintiff sustained no damages for which he was entitled to recover. As heretofore stated, defendant having brought this prejudicial fact to the attention of the jury and then insisting to the court that he had a right to introduce said evidence, thereby causing the court to commit this error, cannot now be heard to ask that we analyze or estimate how little or how great damage the error caused or say that no damage resulted therefrom. As appears from the abstract, the trial judge realizing that an error had been committed, so serious in its nature that it could easily affect the verdict of the jury, corrected the same by granting the plaintiff a new trial and in this we think he was correct.

The second point made by the defendant is that the verdict is not against the manifest weight of the evidence. Inasmuch as this case must be tried again, we

refrain from passing upon the evidence or making any comments in relation thereto.

For the reasons herein set forth the order of the superior court granting to the plaintiff a new trial, is hereby affirmed.

*Order affirmed.*

HALL, P. J., and HEBEL, J., concur.