THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NEAL McCOY, Defendant-Appellant.

(No. 54554;

First District—January 19, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James Wognum, Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Neal McCoy, was indicted on the charge of burglary. The cause was tried before a jury and resulted in a verdict and judgment of guilt. He was sentenced to a term of three to eight years in the Illinois State Penitentiary.

On appeal, defendant contends that (1) the court improperly instructed the jury as to the element of intent in the crime of burglary, (2) the State failed to prove him guilty beyond a reasonable doubt, (3) the court erred

in admitting certain photographs without proper foundation and (4) the court erred in admitting his oral statement made while in police custody when there was no showing that he had waived his right to counsel.

Herbert Cohen, the owner of Hermel T. V. Sales, 1300 East 63rd Street, testified that on April 6, 1968, he closed the store at 4:30 or 5 P.M. because there was looting on the street. The premises had locked iron gates. The next morning he found that the gates had been opened and the glass in the door knocked out. His stock of T. V.'s was nearly gone.

Duane Hall, a photographer for the Chicago Sun-Times, testified that he was on assignment in the area at about 10:30 P.M. on the evening in question. He observed a man in the subject store, left car and walked back toward the store. He saw a woman outside the door and a man standing at the door behind a T. V. set. The man ran back to the middle of the store when he saw Hall, and he snapped some pictures of him. The witness waited in the street until a police car came along and told the officer what he had seen. He and the officer then walked to the store, where the officer arrested defendant. The witness noticed that the metal grating on the front door was down, permitting entry, and that the glass in the door was broken. Hall commented that a person would have had to climb over the set to gain entrance. He also stated that there were about five people in the street near the store and that there were no policemen or National Guardsmen in the area at the time. Three of the witness' photographs were admitted into evidence as People's Exhibits 1, 2 and 3. He identified defendant as the man in the pictures.

Officer P. Fanella testified that on the evening in question, a man stopped him on the street in front of Hermel T. V. Sales, and that he then went to the store. He observed defendant in the back of the store lying on the floor behind a T. V. There was a T. V. set balanced in the doorway, half in and half out of the store. He saw a woman who claimed she was defendant's wife standing outside. Some other officers removed the T. V. set from the doorway and defendant came out. The officer commented that to get into the store with the T. V. in the doorway, a person would have had to climb over the T. V. The store was disarrayed and the glass in the door and steel grating over the door were broken.

Defendant took the stand in his own behalf. He testified that he had served four years in the Illinois State Penitentiary for grand larceny and was released in October, 1966. On the evening in question, he was going to visit his cousin at 64th and University. Defendant parked his car at 63rd and Maryland because there were National Guard and police in the vicinity and people were running and shooting. He and his wife walked about five blocks. When he saw men running towards them, shooting and throwing rocks, and yelling "Black Stone Ranger," defendant dove into

the store. He denied breaking the door or moving any T. V. sets. Defendant also denied having any intention to steal, and said he was on the floor with his hands over his head because he was scared. He identified himself as the person behind the T. V. set in People's Exhibit 1. McCoy said a police officer told him to get up off the floor. He told the officer he was glad to see him because he was scared and that he had run into the store because people were running, shooting and throwing rocks. He further testified that when he dove into the store, his wife kept running. When the police came, two or three minutes later, his wife was outside.

Officer Fanella was recalled as a rebuttal witness. He testified that after he arrested McCoy and before he had any conversation with him, he advised defendant that he was entitled to stand mute, that anything he said could be used against him, that he was entitled to have an attorney, and that if he could not afford one, one would be supplied to him. Defendant then said that he was pushed into the store by the crowd.

■■ The defendant first contends that the court improperly instructed the jury as to the element of intent in the crime of burglary. The transcript of evidence contains the wording of the instruction complained of, which was given to the jury orally by the court as follows:

"* * * the State must prove the following propositions:

1. First, that the defendant knowingly entered a building or any part thereof.

2. That the defendant did so without authority.

3. That the defendant did so *without* the intent to commit the crime of theft." (Emphasis ours.)

The Supplemental Record filed by the State shows that the pertinent written instruction given to the jury without objection correctly stated that "the defendant did so *with* the intent to commit the crime of theft." (Emphasis ours.)

The State filed a motion in this court to amend the record on appeal pursuant to Supreme Court Rule 329 (Ill. Rev. Stat. 1969, ch. 110A, par. 329). The parties stipulated that if Judge Nathan Kaplan, the trial judge, were called as a witness, he would testify from his personal knowledge that he read the written instruction in its correct form. The record reveals no objection by the defense to the instruction given orally to the jury. We allowed the motion to amend the transcript of the record to correctly reflect the wording of the written instruction.

We have carefully examined the record and conclude that the jury was not misled regarding the State's burden of proof on the issue of intent. Indeed in closing argument the prosecutor told the jury, "Now, I believe you will be instructed by the judge that the issues in a burglary case are that the defendant knowingly entered a building without authority and

with intent to commit the crime of theft." The defendant's counsel told the jury, "As I said in my opening statement we come down to one basic issue in this case. \* \* \* He did enter the store, he did enter it without authority. The one basic premise we must get through here now and it is your decision and only your decision to make and that is did he enter that store with intention to steal."

We are satisfied that the court properly instructed the jury as to the proof necessary for a conviction. Moreover, the main thrust of the arguments made by both prosecution and defense counsel to the jury was that they must find that the defendant did or did not enter the store with the intent to steal. Under these circumstances, the jury could not have been misled as to the issue of intent.

█■█ Defendant further contends that he was not proven guilty beyond a reasonable doubt because the State failed to prove the intent to steal which is the gravamen of the offense of burglary. While intent must be proven beyond a reasonable doubt, it must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. (*People v. Johnson*, 28 Ill.2d 441, 192 N.E.2d 864.) We are of the opinion that the jury could find from the evidence that the defendant, who conceded that he had entered the store without authority, was caught in the process of moving a T. V. set out of the premises through the doorway with the intent to steal it. Two witnesses testified that the set was partially through the door against which it was balanced. The defendant was not only observed behind the set, but was also photographed in that position. The jurors apparently disbelieved defendant's testimony that he was in the store to avoid being injured by rioters. Conflicts in the evidence go to determination of the credibility of witnesses, a function which has long been confined to the trier of fact, who hears and sees the witnesses, and is in a better position to evaluate their testimony than is the court of review. *People v. Wysocki*, 20 Ill.2d 62, 169 N.E.2d 264.

Defendant relies on *People v. Soznowski*, 22 Ill.2d 540, 177 N.E.2d 146, where defendant's conviction for burglary was reversed on the ground that the State had failed to prove beyond a reasonable doubt that defendant entered the premises with an intent to steal. The prosecuting witness testified that she was awakened in the early morning hours by someone beating her on the face, and when she screamed, he fled. *Soznowski* is inapplicable on the facts to the case at bar. There, the testimony by the prosecuting witness that she was awakened by a man beating her on the face was inconsistent with an intent to steal.

█■█ Defendant also contends that the court erred in admitting three photographs showing defendant in the T. V. store because no proper foundation was laid. We note first that defense counsel made only a gen-

eral objection to the introduction of the pictures. It is well settled that a general objection questions only the materiality of the evidence. (*Illinois Central RR. Co. v. Prickett*, 210 Ill. 140, 71 N.E. 435.) Thus defendant failed to adequately preserve the issue of proper foundation for review. Moreover, the record reflects that an adequate foundation for the admission of the photographs into evidence was laid. The photographer identified People's Exhibits 1, 2 and 3 as the pictures he took that night and pointed out the defendant as the man in the photographs. He also established the time, location and conditions under which he took the pictures. Moreover, the defendant testified that the photographs portrayed him lying behind a T. V. set on the floor of the store.

■■ Finally, defendant contends that the trial court erred in admitting defendant's oral statement made while under police custodial interrogation when there was no showing that defendant had waived his right to counsel. Officer Fanella testified, over objection by defense counsel, that after he arrested defendant, defendant told him that "he was pushed into the store by the crowd." Defendant's reliance on *Miranda v. Arizona*, 384 U.S. 436, is misplaced. Defendant in the instant case volunteered this statement at the moment of arrest in order to attempt to explain away his presence in the store. No questions were directed to him. *Miranda* specifically exempts this type of statement from its coverage.

For the reasons stated, we find there were no errors committed at defendant's trial which would require the granting of a new trial. The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.