THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD WALKER, Defendant-Appellant.

(No. 58269;

First District (2nd Division)—June 28, 1974.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Edward Walker, defendant, was found guilty after a bench trial of the offense of burglary, in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 19—1). He was sentenced to a term of 6 to 12 years. Defendant appeals, arguing (1) that the prosecution's disclosure of a letter allegedly written by him to the complainant in which he admitted the crime was prejudicial error; (2) that, when the State failed to produce the letter allegedly written by defendant, they

were concealing favorable evidence; (3) that he was not proven guilty beyond a reasonable doubt; and (4) that his sentence is excessive.

At trial, the following evidence was adduced: William Walls, Jr., testified that he lives at 661 East 100th Street, Chicago, Illinois, with his mother and father. The residence is a single-family home which is owned by Mr. and Mrs. Walls, Sr. On September 9, 1971, he returned home with his parents at approximately 4:40 P.M. The three had left the home about 3 P.M. after having locked all the doors. As he approached the house, he noticed that the outside screen door had been pried open and the panel had been knocked out of the front door. As he entered the home, he observed various articles on the dining room table. As he started to enter the kitchen, the defendant ran out of the kitchen saying, "We've got to go and catch them." The defendant tried to break away but was subdued. The police were called and placed defendant under arrest. A subsequent search of the defendant revealed a gold calendar watch which had been taken from Mr. Walls, Jr.'s, bedroom. He had never seen the defendant before that day.

Doretha Walls testified that she lives with her husband and son at 661 East 100th Street, Chicago, Illinois. On September 9, 1971, at approximately 4:45 P.M., she returned home and noticed that the front panel of the front door had been knocked out. She followed her son into the home and observed various items thrown about on the dining room table. The defendant was discovered as he came out of the kitchen of her home and stated that he was a neighbor and was trying to catch the people who had broken into the home. She did not know the defendant but had seen him before on several occasions, milling in the alley behind her home. Various rooms of the home had been ransacked and items were piled up on the bed.

William Walls, Sr., testified that he lives at 661 East 100th Street, Chicago, Illinois, with his wife and son. On September 9, 1971, upon his return to his home, he noticed that the panel of the front door had been kicked out. Upon entering into the home, he noticed that various items had been piled up on the dining room table. The defendant was discovered as he came out of the kitchen of the home. Defendant stated that he was trying to catch the burglar. Defendant tried to leave but was subdued by Mr. Walls, Sr., and his son. He testified that he did not at any time give the defendant permission to enter the home.

John Faris, a Chicago police officer, testified that on September 9, 1971, at approximately 4:45 P.M., he responded to a call and proceeded to the residence at 661 East 100th Street, Chicago, Illinois. Upon entering the home, he noticed that the lower panel to the front door had been knocked out. Mr. Walls, Sr., and Jr., were holding the defendant

who was then placed under arrest. Defendant was transported to the police station where a search of his person revealed a gold watch which was identified by Mr. Walls, Jr., as belonging to him.

Defendant's first contention on appeal is that he was prejudiced by the assistant State's Attorney's disclosure that defendant had written a letter to the complainant in which he had allegedly confessed to the crime of burglary. Prior to trial, defense counsel made a motion for discovery in which he asked for all statements or confessions allegedly written by the defendant. The State responded that there was a letter written by the defendant to the complaining witness in which the defendant admitted the burglary. After some discussion, the State agreed not to use the letter for any purposes at trial. Subsequently, defense counsel requested production of the letter, arguing that it was favorable evidence. The assistant State's Attorney responded that he did not have the letter and, after a conversation with the complainant, stated that the letter had been in the complainant's possession and she was unable to locate it.

■■ Since the defendant, in his discovery motion, specifically asked for any confessions or statements made by him, he cannot now complain that the State answered that question. Further, in a bench trial, the trial judge is presumed to consider only competent evidence. (*People v. Miller*, 2 Ill.App.3d 206, 276 N.E.2d 395.) Here, the disclosure of the defendant's alleged confession was made prior to trial and there is nothing in the record that would demonstrate that the defendant was in any way prejudiced.

■■ Defendant also argues that he was prevented from examining evidence that might be favorable to his cause. The defendant, citing *Brady v. Maryland*, 373 U.S. 83, and Supreme Court Rule 412(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 412(c)), argues that the State improperly refused to turn over to defense counsel the letter allegedly written by the defendant to the complaining witness in which defendant admitted the burglary. Defendant argues that the letter was in fact not written by him and therefore was favorable evidence to the defense. The thrust of the contention appears to be that the forger of the letter must have been the real burglar. But even if the letter were considered favorable evidence, defendant's argument is without merit. Both *Brady* and Supreme Court Rule 412(c) require the State to disclose any material *within its possession* which tends to negate the guilt of the accused as to the offense charged or as to punishment. Here, the letter allegedly written by the defendant was not written to law enforcement authorities but was written to the complaining witness. When defense counsel requested production of the document, the assistant State's Attorney stated

that the State did not have possession of the document. After a conversation with the complainant, the assistant State's Attorney stated that the complaining witness had had the letter but that she was unable to locate it. Defense counsel did not object to, or challenge the veracity of, the statements of the assistant State's Attorney. Since the letter was not in the custody or control of the State, the failure of the State to turn the letter over to defense counsel cannot be considered error.

■■■ Defendant next contends that the prosecution failed to prove him guilty beyond a reasonable doubt. Defendant bases this argument upon three factors. First, defendant argues that the evidence was insufficient to prove that his entry was with felonious intent. While intent must be proved beyond a reasonable doubt, it must ordinarily be proved circumstantially by inferences drawn from conduct appraised in its factual environment. (*People v. Johnson*, 28 Ill.2d 441, 192 N.E.2d 864; *People v. McCoy*, 3 Ill.App.3d 642, 279 N.E.2d 417.) In the case at bar, defendant was discovered in the kitchen of the Walls' home. The screen door of the home had been pried open and the panel of the front door had been broken out in order to gain entry. Various items were stacked up in the dining room and bedrooms of the home. A search of defendant's person disclosed a watch taken from Mr. Walls, Jr.'s, bedroom. This evidence was sufficient to establish defendant's felonious intent beyond a reasonable doubt.

■■ Defendant secondly argues that the evidence was insufficient to show that his entry was without authority. Defendant argues that, although Mr. Walls, Sr., testified he did not give the defendant authority to enter his premises, Mrs. Walls and Mr. Walls, Jr., did not specifically testify that they did not give defendant authority to enter the premises. This argument is without merit. The evidence adduced at trial clearly shows that Mr. Walls, Sr., testified he did not give the defendant authority to enter his home. Mr. Walls, Jr., testified that he had never seen the defendant before in his life, and Mrs. Walls testified that, though she had seen the defendant several times milling about in the alley, she did not know the defendant. The evidence clearly demonstrated that defendant's entry was without authority.

■■ Defendant's third argument is that the evidence failed to prove ownership of the premises in question. In a burglary charge, it is not necessary for the State to prove ownership of, or precise legal title to, the burglarized premises. It is sufficient to prove that the named party has possession and control of the premises which is rightful as against the burglar. (*People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787.) Here, the indictment charged that the defendant entered the dwelling house of William Walls, Sr., and Doretha Walls. State's evidence showed that Mr. Walls, Sr., Doretha Walls, and William Walls, Jr., occupied the home

in question, and that the defendant entered the home without their knowledge or consent. This evidence was sufficient to establish possession rightful as against the burglar. *People v. Saunders,* 132 Ill.App.2d 421, 270 N.E.2d 217.

Since defendant's case has not yet reached the stage of final adjudication, the Unified Code of Corrections is applicable. (*People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Under the Unified Code of Corrections, burglary is a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1 (b)). The Code provides that the sentence for a Class 2 felony shall be a term of from 1 to 20 years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(3)) and that the minimum shall be no greater than one-third of the maximum (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1 (c)(3)). In the case at bar, defendant's minimum sentence of 6 years exceeds the one-third of the maximum and must therefore be reduced to a term of 4 years.

■■ Defendant's final argument is that his sentence, as modified, is excessive and should be reduced. While this court has the authority to reduce a sentence, our supreme court has indicated that this authority should be exercised with considerable caution and circumspection. (*People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.) The imposition of sentences is within the discretion of the trial court, and courts of review will not interfere with that discretion unless the sentence is clearly excessive. (*People v. Keene,* 1 Ill.App.3d 720, 274 N.E.2d 130.) Here, considering the nature of the offense, the facts as adduced at trial, and defendant's prior record, we are of the opinion that the sentence imposed upon the defendant, as modified, is not excessive.

For the foregoing reasons, defendant's minimum sentence is reduced to a term of 4 years and the judgment and sentence of the circuit court of Cook County, as modified, is affirmed.

Judgment affirmed as modified.