THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY LEE REDNOUR, Defendant-Appellant.

(No. 74-128;

Fifth District—December 24, 1974.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield, and Walter E. Moehle, State's Attorney, of Nashville (James B. Zagel and Roger L. Longtin, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Jerry Lee Rednour, from a judgment entered, on a plea of guilty, by the circuit court of Washington County for the offense of burglary and the imposition of a sentence of not less than 1 nor more than 3 years in the penitentiary.

The defendant commenced this appeal by filing a "motion for summary reversal and remand or, in the alternative, motion for vacation of sentence and remand for resentencing." The three issues raised in defendant's motion were: (1) whether the trial court complied with Supreme Court Rule 401(a)(3); (2) whether the trial court substantially complied with Supreme Court Rule 402(b); and (3) whether the trial court erred in failing to advise the defendant at his sentencing hearing of his right to counsel and his right to have counsel appointed if he were indigent. The State responded to defendant's motion, arguing that the trial court did comply with Supreme Court Rule 401(a)(3) and did substantially comply with Supreme Court Rule 402(b). The State, however, did confess that the trial court erred in not advising the defendant of his right to counsel at his sentencing hearing. Subsequently, the defendant filed a "supplement to brief and argument for the defendant-appellant." The defendant's only additional contention was that the sentence imposed upon him was excessive. The defendant advanced therein his argument that a court of review, i.e., this court, may properly reduce a sentence of imprisonment to probation without remanding the

case to the trial court if it determines that the trial court's denial of probation was arbitrary. While the State, in its supplemental brief, concedes that this court has the power to reduce a sentence of imprisonment to probation, it argues that the record in the instant case does not clearly establish that probation is the only proper form of punishment and, therefore, the case should be remanded for resentencing, to allow the trial court to determine if the defendant is entitled to probation.

■■ We will first address defendant's contentions that the trial court did not comply with Supreme Court Rule 401(a)(3) and did not substantially comply with Supreme Court Rule 402(b). At the defendant's arraignment the following admonitions, with respect to Supreme Court Rule 401(a)(3), were given:

"* * * You have the right to services of an attorney. An attorney of your choice if you choose to hire an attorney. If you show the court that you are not able to pay for the services of an attorney, you would tell the Court and the Court would be obliged to appoint an attorney for you, without charge to you. * * * * * *

At that [preliminary] hearing you are entitled to be represented by an attorney.

* * * Do either of you gentlemen have any questions in regard to these various rights which I have attempted to explain to you?

DEFENDANT: No.

COURT: Do you feel that you understand the explanation that I have made?

MR. REDNOUR: Yes.

COURT: Have either of you contacted an attorney?

MR. REDNOUR: No.

COURT: * * * do you wish to contact an attorney? * * *

COURT: Do you, Mr. Rednour?

MR. REDNOUR: No, sir. * * *

BY THE COURT: You indicated a little while ago you did not want to contact an attorney. Are you willing then to enter a plea without having an attorney present?

MR. REDNOUR: Yes, sir. * * *

BY THE COURT: You wish to plead guilty. You understand that by pleading guilty there will be several items papers that you will be asked to sign. You will be asked to sign a waiver. When I say 'waiver' I mean a giving up. A giving up of a Preliminary Hearing.

MR. REDNOUR: Yes.

BY THE COURT: * * * A giving up of the services of an attorney. * * *

MR. REDNOUR: I understand.

BY THE COURT: * * * I hand you two papers, Mr. Rednour, one is entitled 'Waiver of Counsel'. This would be giving up the services of an attorney. * * * I ask you to read these two papers over Mr. Rednour. Make sure you understand them. If you wish to enter a plea of guilty I will ask you to sign them together with two other papers which will be prepared. If you do not wish to plead guilty, then do not sign these papers.

MR. REDNOUR: I will sign sir.

* * *

BY THE COURT: Yes, you have the Waiver of Counsel. As you sign that, you are saying that I do not want the services of an attorney."

The record before us includes a copy of said "Waiver of Counsel," signed by the defendant. In view of the presence of this waiver and the foregoing admonitions, which preceded its signing, we find no merit in the defendant's contention that the trial court failed to comply with Supreme Court Rule 401(a)(3).

■■ With respect to Supreme Court Rule 402(b), the trial court admonished defendant in the following manner:

"BY THE COURT: One thing, do you feel that you are being forced in any way to enter a plea of guilty?

MR. REDNOUR: The only thing here, the presentence investigation.

BY THE COURT: I am not going to ask you to sign that at all. There will be a presentence investigation.

MR. REDNOUR: Oh.

* * *

BY THE COURT: * * * Nobody has any authority to make any promises to you as to what disposition will be made except the Court.

MR. REDNOUR: Yes.

BY THE COURT: Meaning me. * * * Any statement which you may think was made by the Sheriff, State's Attorney, the Deputy Sheriff or anybody else, that you might interpret as being a promise of leniency or something of that nature is not binding on me at all.

MR. REDNOUR: I realize that sir.

BY THE COURT: The authority rests on my back, the monkey

is on my back as to what it will be and I am the only one that can speak for me.

MR. REDNOUR: I understand.

BY THE COURT: Do you feel anyone has coerced you in any way or forced you to do what you are considering doing entering a plea of guilty?

MR. REDNOUR: No, sir.

\* \* \*

BY THE COURT: \* \* \* You have indicated to me that no promises of leniency have been made to either of you. And certainly the Court has not made any promise as to what disposition will be made in this matter. And as you are aware of the fact that The Court would have the authority to impose as high a number of years of service in the penitentiary as 20. Is this correct?

DEFENDANT: Yes, sir."

The record is unclear whether the defendant, the codefendant, or both defendants answered the last inquiry. The record reveals that both defendants were before the trial court at the time of this inquiry and that the inquiry was directed to both defendants. Despite this ambiguity, we find, within these admonishments, a foundation from which the trial court could have confirmed that there was no plea agreement. Consequently, we find that the trial court substantially complied with Supreme Court Rule 402(b), which is all that rule required. See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

The defendant next contends that the trial court erred in not advising him of his right to counsel at his sentencing hearing. As noted previously, the State concedes that the trial court erred in not specifically admonishing defendant as to his right to counsel at his sentencing hearing. We also find that the trial court so erred. We find our decision in *People v. Miles*, 20 Ill.App.3d 131, 312 N.E.2d 648, which we followed in *People v. Gillen*, 20 Ill.App.3d 134, 312 N.E.2d 644, dispositive of this issue and we, therefore, find it necessary to remand this case for resentencing to give the defendant an opportunity to retain counsel for representation at his sentencing hearing. If the defendant is unable to afford private counsel, we direct that counsel be appointed to represent him at his sentencing hearing.

Having thus decided, we need only consider whether we should remand this case for resentencing consistent with the foregoing discussion or, as requested by the defendant, grant probation without remand. In support of this request the defendant contends that the instant case "falls outside the scope of" *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300. Therein our supreme court held that, "our Supreme Court

Rule 615 was not intended to grant a court of review the authority to reduce a penitentiary sentence to probation." (54 Ill.2d 552, 556, 301 N.E.2d 300, 302.) The defendant argues that since the rendition of *People ex rel. Ward v. Moran,* "the pertinent statutory provisions relative to probation, Illinois Revised Statutes, 1971, Chapter 38, Section 117—1 et seq., have been repealed and supplanted by Illinois Revised Statutes, 1973, Chapter 38, Section 1005—6—1 et seq." The substantive effect of the new statutory provisions is to make probation a sentence, a significant change from former law. (See Council Commentary, Ill. Ann. Stat., ch. 38, § 1005—6—1, at 369 (Smith-Hurd 1973); see also Council Commentary, Ill. Ann. Stat., ch. 38, § 1005—1—18, at 217 (Smith-Hurd 1973).) Since *People ex rel. Ward v. Moran* was premised on the qualitative distinction between probation and imprisonment, which has been abrogated by the recent statutory enactments, we must agree with the defendant that a court of review may reduce a sentence of imprisonment to a *sentence* of probation.

■■ While we note, and the State acknowledges, that a reviewing court is no longer precluded from reducing a sentence of imprisonment to a sentence of probation, we agree with the State that this power should be used sparingly and only where, after close examination and scrutiny, it is apparent that the trial court abused its discretion in denying the defendant's request for probation.

■■ The record in the instant case leads us to the conclusion that the trial court improperly considered two factors when reviewing the defendant's request for probation. First, the trial court improperly considered the public's displeasure with the number of recent burglaries, none of which were connected to the defendant, and the public clamor for stricter sentences. Secondly, the trial court placed considerable emphasis on the defendant's unconventional lifestyle, a lifestyle which we consider neither illegal nor immoral. We would be inclined to view the defendant's request for probation favorably, however, since it is already necessary to remand this case for resentencing, we believe justice would best be served by allowing the trial court to review the defendant's circumstances with the assistance of defendant's counsel. This would not only enable the trial court to eliminate its improper considerations, but would provide a more complete record.

Accordingly, we affirm the judgment of conviction entered by the circuit court of Washington County and remand this case for a new sentencing hearing consistent with the views expressed herein.

Judgment affirmed, cause remanded for resentencing with directions.

G. MORAN and CARTER, JJ., concur.