THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM L. NANCE, Defendant-Appellant.

(No. 74-35;

Fifth District—March 5, 1975.

Stephen P. Hurley and John H. Reid, both of the State Appellate Defender's Office, of Mt. Vernon, (Nancyann Leeder, Law Student, of counsel), for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish and Myra J. Brown, both of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

A jury found the defendant, William L. Nance, guilty of the crime of aggravated battery. Following a hearing in aggravation and mitigation,

the circuit court of Jefferson County sentenced the defendant to a term of periodic imprisonment for 1 year, the conditions of which term being that the defendant spend weekends in the county jail. The trial court also fined the defendant $250 and ordered him to pay the costs not only of the proceeding but also of his incarceration. As a further condition of the sentence, the court prohibited the defendant from owning, possessing or consuming alcoholic beverages for 1 year.

The defendant raised the following issues on appeal; (1) whether the indictment was insufficient for failing to allege an element of the crime; (2) whether the trial court erred in giving an instruction alleged to be defective; (3) whether the defendant was proven guilty beyond a reasonable doubt; (4) whether the trial court abused its discretion in imposing a sentence of periodic imprisonment and in attaching restrictive conditions thereto.

On January 27, 1973, the grand jury indicted defendant charging him with the offense of aggravated battery. Defendant attacks the sufficiency of the indictment which charged:

"[H]e did intentionally without legal justification make physical contact of a provoking nature with peace Officer Dale Martin, knowing Dale Martin to be a peace officer engaged in the execution of his official duties in violation of paragraph 12—4b—6, chapter 38, Illinois Revised Statutes."

■■ By statute, an indictment must set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1973, ch. 38, par. 111—3(a)(3); *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) In *People v. Crane*, 3 Ill.App.3d 716, 279 N.E.2d 134, this court determined that actual physical harm must be proved to sustain a conviction of aggravated battery under subsections (3) through (7), and under subsection (9) of section 12—4(b) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 12—4(b)). The provisions of the Code relevant to this appeal are set out in pertinent part below:

"§ 12—3. Battery.

(a) A person commits battery if he intentionally or knowingly without legal justification and by any means,

(1) causes bodily harm to an individual, or

(2) makes physical contact of an insulting or provoking nature with an individual."

§ 12—4. Aggravated Battery.

(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned

in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years.

(b) A person who, in committing battery either:

\* \* \*

(6) Knows the individual *harmed* to be a peace officer, or a person summoned and directed by him, or a correctional officer \* \* \*;

\* \* \*

(9) \* \* \* commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years." (Emphasis supplied.) (Ill. Rev. Stat., ch. 38, pars. 12—3, 12—4.)

Evidence of mere physical contact of a provoking nature is insufficient to constitute the "harm" required by section 12—4. In the instant case, brought under section 12—4(b)(6), the indictment failed to allege that Officer Martin suffered harm. Although the indictment charged the defendant with conduct constituting a criminal battery, it is fatally defective in charging an aggravated battery. Accordingly, we reverse the conviction of the charge of aggravated battery. *People v. Crane,* 3 Ill.App.3d 716, 279 N.E.2d 134.

Having thus decided, we need not consider the defendant's other contentions with reference to his conviction for aggravated battery.

■■■ Defendant next argues that the evidence was insufficient to convict him of a criminal battery, a lesser included offense of the crime of aggravated battery. A reviewing court will not disturb a guilty verdict on ground of insufficient evidence unless it is so unsatisfactory, improbable or unreasonable and so palpably contrary to the evidence as to justify the court in entertaining a reasonable doubt of defendant's guilt. (*People v. Rogers,* 132 Ill.App.2d 501, 270 N.E.2d 186; *People v. Hill,* 61 Ill.App.2d 16, 208 N.E.2d 874.) Conflict in testimony does not in itself establish a reasonable doubt. (*People v. Clanton,* 16 Ill.App.3d 593, 306 N.E.2d 486.) It is within the province of the jury whether or not to believe the testimony it hears. (*People v. Zuniga,* 53 Ill.2d 550, 293 N.E.2d 595.) The credibility of the witnesses and the weight to be given to their testimony are solely for the jury. (*People v. Harris,* 53 Ill.2d 83, 288 N.E.2d 873.) Where there is clearly conflicting testimony, the jury weighs the evidence and decides whose testimony is credible. The evidence must be so contrary to the verdict as to be unreasonable to cause reasonable doubt as to the defendant's guilt. (*People v. Holliman,* 22 Ill.App.3d 95, 316 N.E.2d 812.) Stated in another manner:

"The State must prove a defendant's guilt beyond a reasonable doubt, however, the positive testimony of just one credible witness is enough to convict a defendant." (*People v. Brandys & Demorrow*, 15 Ill.App.3d 379, 385, 304 N.E.2d 471, 475.)

Here, though conflicting stories were told, Officer Martin said his arm was taken and that he saw William Nance do it. Consequently, we find that there existed sufficient evidence to sustain the jury's verdict that defendant was guilty of battery beyond a reasonable doubt.

The defendant further claims that the element of intent to batter was not proven. In particular the defendant contends that the evidence failed to show that he intended to provoke Officer Martin.

"A person commits a battery if he intentionally or knowingly without legal justification and by any means, * * * makes physical contact of * * * a provoking nature with an individual." Ill. Rev. Stat., ch. 38, par. 12—3(a)(2).

■■ While intent must be proven beyond a reasonable doubt, it must ordinarily be proved circumstantially by inference drawn from the conduct appraised in its factual environment. (*People v. Walker*, 21 Ill.App. 3d 202, 315 N.E.2d 244.) Determination of the credibility of Officer Martin, his fellow policemen, the defendant and of the weight to be given their testimony was solely for the jury. (*People v. Harris*, 53 Ill.2d 83, 288 N.E.2d 875.) Since the jury could reasonably have inferred from Officer Martin's testimony and from the surrounding circumstances that the defendant intended to provoke the officer, we find that the requisite intent on the part of the defendant was established beyond a reasonable doubt.

The defendant further argues that he did not make physical contact of a provoking nature with Officer Martin. However, since the jury could reasonably have believed Officer Martin and his fellow officers that defendant touched his arm or jumped on him in a manner designed to interfere with performance of his duties as a peace officer, it is our opinion that the elements of battery were established. The defendant offered no evidence of legal justification in touching the officer. The indictment alleged a battery. The jury was instructed on the offense of battery. Therefore, we affirm the defendant's conviction of the crime of battery.

The defendant finally contends that his sentence was excessive. We agree. Section 5—8—3(a)(1), of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3(a)(1)) permits a sentence of imprisonment for a Class A misdemeanor for any term less than 1 year. Battery is a Class A misdemeanor. (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(b).) Having found the defendant guilty only of battery, the 1-year

sentence imposed by the trial court is 1 day in excess of the statutory limits.

The defendant requests that we reduce his sentence to one of probation.

Where this court exercises its power to reduce the degree of an offense and finds a defendant guilty of a lesser included offense, it may in addition reduce the sentence imposed by the trial court. (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4).) Included in this grant of power is the power to reduce a sentence of imprisonment to one of probation. *People v. Rednour,* 24 Ill.App.3d 1072, 322 N.E.2d 492; *cf. People v. Boucher,* 57 Ill.2d 225, 311 N.E.2d 679.

■■ Evidence offered at the combined probation and aggravation and mitigation hearing established that defendant was gainfully employed and supported his wife. Defendant has no prior convictions or arrests. His only encounters with the police involved family disputes. While we would be inclined to view defendant's request for probation favorably, we decline to exercise this power in the instant case. A majority of this court chooses, instead, to remand this case for resentencing to allow the trial court to review the changed circumstances of the defendant's case and to eliminate its improper considerations. In sentencing defendant for aggravated battery, a Class 3 felony, the trial court considered evidence in aggravation directed almost entirely to establishing the severity of the offense. On remand for resentencing for battery, a Class A misdemeanor, this evidence in aggravation will not be available. The testimony of two police officers (neither of whom had any personal knowledge of the circumstances of the crime or of the defendant's character) regarding the recent number of tavern incidents and the effect that strict punishment of the defendant would have on the morale and efficiency of the police force was improper and should also not be considered. See *People v. Rednour,* 24 Ill.App.3d 1072, 322 N.E.2d 492.

Accordingly, we reverse the judgment of conviction of aggravated battery, affirm the conviction of battery, and remand for a new sentencing hearing consistent with the views expressed herein.

Reversed in part, affirmed in part, remanded with directions for resentencing.

G. MORAN and CARTER, JJ., concur.